DUFF TRUCK LINE, INC. *v.* STATE OF INDIANA.

[No. 1-674A100. Filed January 6, 1975. Rehearing denied February 11, 1975.]

*Paul F. Arnold, Robert F. Stayman, Early, Arnold & Ziemer,* of counsel, of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—The appellant, Duff Truck Line, Inc. (Duff), is a federally licensed motor carrier, based in Ohio. On February 2, 1973, a tractor trailer combination was being operated on Indiana Highway 41 just north of Evansville. The rig was stopped and ticketed by the State Police because of the failure to have the trailer display a valid Indiana vehicle registration, pursuant to IC 1971, 9-1-4-21 (c) (Burns Code Ed.). Duff was found guilty and a fine of $100.00 was suspended.

The primary issue on this appeal is whether the application of the non-resident motorists statute in question violates the commerce clause of the United States Constitution as it is

applied to the operations of Duff. The initial question to be decided is the character of the operation in question and specifically whether Duff was involved in interstate commerce or intrastate commerce at the time of the arrest.

The State has argued that the operation must be characterized as intrastate. The basis for this argument is that the various goods being transported in the trailer were being transported from the Duff Evansville terminal to points in Vincennes and Princeton, Indiana. All of the goods in the trailer were being shipped to Indiana locations from points outside of the State of Indiana. The evidence discloses that some of the goods were transferred to the trailer at the Evansville terminal, while other goods were already on the trailer.

Duff argues, and we must agree, that the character of the operation in question was interstate. It has been held in cases of this type that the primary test to be used to decide the characteristic of an operation is the essential character of the transaction and the intent of the shipper. This test was stated in the case of *New York, N.H. & H.R. Co.* v. *Nothnagle* (1953), 346 U.S. 128, 130, as follows:

> "We have little doubt that the transaction was incident to an interstate journey within the ambit of the Interstate Commerce Act. Neither continuity of interstate movement nor isolated segments of the trip can be decisive. 'The actual facts govern. For this purpose, the destination intended by the passenger when he begins his journey and known to the carrier, determines the character of the commerce.' . . ."

It is of no consequence that a portion of the operation could be considered intrastate if it were viewed in the limited context of a small segment of the total trip. Interstate commerce includes all of the intrastate portions of the trip and these intrastate segments cannot be taken from the context of the total trip and be thereby removed from the interstate character of the

transaction. *Spector Motor Service* v. *O'Connor* (1971), 340 U.S. 602.

The evidence in the case at bar discloses that the Indiana segment of the total operation was merely incident to the interstate shipment of goods from out of state shippers to Indiana locations. The evidence shows that the intention of the shippers was to send their goods from the out of state points directly to the Indiana locations and any incidental changeover, such as the one in the Evansville terminal, would only be incidental to the total character of the operation. Thus, it is evident that the operation in question was interstate in character.

We must now decide whether the statute in question is applicable to an interstate carrier. The non-resident motorists statute reads, in pertinent part, as follows:

"A nonresident who is the owner of a vehicle, required to be registered by this Act, operated upon the public highways for the transportation of persons or property for compensation, or carrying on intrastate business within this state and owning and regularly operating in such business any vehicle, required to be registered by this act, within this state, or operated over a regularly scheduled route or having a fixed terminus shall be required to register each such vehicle and pay the same fees therefor as is required with reference to like vehicles owned by residents of this state: . . ." IC 9-1-4-21 (c)

The first sentence of the non-resident motorists statute indicates that the Legislature did intend that even exclusive interstate carriers would be required to register their vehicles and trailers in the State of Indiana. The statute requires the registration of a non-resident's vehicle if it is "operated upon the public highways for the transportation of persons or property for compensation." It is apparent from reading the statute that this portion of the statute does not limit its application to intrastate carriers. Conversely, the second and third portions of the statute do specifically refer to intrastate operations and the absence of any reference to intrastate operations in the first sentence

is certainly an indication that no such restriction was intended. Thus, it is our opinion that Duff's interstate operation is required, under the non-resident motorists statute, to have its vehicles which operate on Indiana highways registered, pursuant to the statute.

The law is well settled that states may regulate interstate commerce in a reasonable manner in the absence of federal legislation covering the subject. It is also true that the states may not impose a direct burden upon interstate commerce and that no statute requiring a license fee to be paid as a condition precedent to engaging in interstate commerce will be permitted, since such a statute would be a direct burden on interstate commerce. *American Motor Coach System* v. *City of Philadelphia* (1928), 28 F. 2d 736. The permissible reasons for requiring licensing or registering of interstate vehicles in a given state are set out in *American Motor Coach System, supra,* at page 738, as follows:

"But in the absence of federal legislation covering the subject, a state, or city to which it has delegated the power, may impose upon vehicles using the highways, exclusively in interstate commerce, regulations for insuring the public safety and convenience and such a license fee as will reasonably defray the expense of administering the regulations and be a fair contributive share to the cost of constructing and maintaining the public highways and facilities furnished by the State. . . ."

The registration fee imposed by statute (IC 1971, 9-1-4-41 [Burns Code Ed.]), is related to the weight of the vehicle in question. The United States Supreme Court discussed such a basis for the imposition of a registration fee in the case of *Hicklin* v. *Coney* (1933), 290 U.S. 169, 173, as follows:

". . . Carrying capacity, the size and weight of trucks, unquestionably have a direct relation to the wear and hazards of the highways. It is for this reason that the authority of the State to impose directly reasonable limitations on the weight and size of vehicles, although applicable to interstate carriers, has been sustained. . . . As the State may establish such regulations directly, the State may adjust its

license fees, otherwise valid as being reasonable and exacted as compensation for the use of the highways, according to carrying capacity in furtherance of the same purpose. . . ."

The fee for the privilege of using the highways of a state is permissible as a defrayal of administration expenses related to the statute. The fees are also permissible as consideration for the use of the highways in relation to construction and repair of the same. The fees in question that are collected in Indiana are deposited in the Motor Vehicle Highway Account. These fees are used for various purposes, including the payment of:

all expenses incurred in the collection thereof;
to fund policing of the highways and provide funds for the division of safety; and,
to fund the construction, reconstruction, improvement, and maintenance of the highways of the state.

It is apparent that the three uses to be made of the registration fees are clearly permitted under the decisions of the United States Supreme Court, quoted herein.

Once the decision has been reached that the registration fees imposed by the State of Indiana pursuant to statute are permissible, we must next decide if the fee actually imposed is reasonable, in terms of its stated bases, any burden on interstate commerce, and in its application to Duff's activities.

The basic test to be used to determine whether a fee is reasonable is set out in the case of *Capitol Greyhound Lines* v. *Brice* (1949), 339 U.S. 542, 543, 544, as follows:

". . . This Court and others have consistently upheld taxes on interstate carriers to compensate a state fairly for the privilege of using its roads or for the cost of administering state traffic regulations. Courts have invoked the commerce clause to invalidate state taxes on interstate carriers only upon finding that: (1) the tax discriminated against interstate commerce in favor of intrastate commerce; (2) the tax was imposed on the privilege of doing an interstate business as distinguished from a tax exacting contributions for road construction and maintenance or for administration of road laws; or (3) the amount of the tax exceeded fair compensation to the state. . . ."

As stated above, the stated bases for the fee under the Indiana statute are in compliance with the commerce clause requirements and thus the fee cannot be questioned in that regard.

The reasonableness of the fee can also be attacked if it places a burden on interstate commerce. However the burden of proof in this regard is on the carrier who is challenging the state law. *Capitol Greyhound Lines, supra.* In the case at bar there is no evidence to show that the amount of the fee is an unreasonable burden on interstate commerce or that the fee discriminates against interstate commerce. Thus, we are left with the question of whether the fee is unreasonable in its application to Duff's activities. The import of Duff's argument is that Duff would have to license all 841 of its trailers, since its operations do not allow a small amount of trailers to be used in Indiana. Duff argues that any of its trailers could be in Indiana in a year and it is unduly burdensome that all of the trailers be registered when, in fact, some of them might never enter this state. Duff relies primarily on the case of *Sprout* v. *South Bend* (1928), 277 U.S. 163. However, the decision in *Sprout, supra,* is distinguishable from the case at bar since the court in *Sprout* emphasized that the fee was not being used for any of the stated bases but was, rather, a fee which discriminated against interstate commerce.

In the case of *Aero Mayflower Transit Co.* v. *Georgia Public Service Commission* (1935), 295 U.S. 285, 289, the Supreme Court upheld a $25.00 fee as consideration for use of the highways in relation to construction and repair needs. The court, in *Aero Mayflower Transit Co., supra,* discussed the present issue as follows:

> "The statute in imposing an annual license fee for the maintenance of the highways does not lay an unlawful burden on interstate commerce.
>
> \* \* \*
>
> . . . The fee is not for the mileage covered by a vehicle. There would be administrative difficulties in collecting on

that basis. The fee is for the privilege of a use as extensive as the carrier wills that it shall be. There is nothing unreasonable or oppressive in a burden so imposed. . . . One who receives a privilege without limit is not wronged by his own refusal to enjoy it as freely as he may."

Further, the only proof as to the unreasonableness of the registration fee is the bare assertion that the statute would require the registration of all of Duff's trailers. The stated basis for this interpretation by Duff is that their particular style of operation would be hindered by compliance with the statute. It is our opinion that Duff has failed to demonstrate that the registration fee is unreasonable in its application to Duff's operations.

Duff has also argued that a subsequent amendment of the non-resident motorists statute should be considered by this court. The amendment basically allows an unlicensed trailer to operate in Indiana if it is being pulled by a tractor or truck which is properly registered. However, the argument propounded by Duff in effect asks this court to give retroactive effect to an amendment and such action is not within our prerogative.

Judgment affirmed.

Robertson, C.J., and Lybrook, J., concur.