**William E. MORGAN, Jr., Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 2–282A44.

Court of Appeals of Indiana, Second District.

Feb. 24, 1983.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latrielalle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

William E. Morgan, Jr. (Morgan) appeals his convictions of voluntary manslaughter, I.C. 35–42–1–3 (Burns Code Ed., Repl.1979) (Count I), and battery as a class C felony, I.C. 35–42–2–1(3) (Burns Code Ed., Repl. 1979) (Count II). Morgan raises four issues:

1) whether the trial court erred in denying Morgan's motion to suppress testimony of witnesses previously hypnotized;

2) whether the trial court erred in refusing to certify its ruling on his motion to suppress for interlocutory appellate review;

3) whether the trial court erred in refusing Morgan's instructions numbered nine and ten; and

4) whether the evidence is sufficient to support the convictions.[1]

We affirm.

Morgan was indicted for the murder of Jeffrey Brill (Count I) and the battery of Kenneth Webb (Count II). Prior to trial two witnesses, Kenneth Webb, one of the victims, and Mrs. Brill, mother of the victim Jeffrey Brill, eyewitness to her son's injury, were hypnotized by a police officer trained in the hypnotic technique. Morgan filed a pretrial motion to suppress their testimony.[2] After an evidentiary hearing, his motion was denied. At trial Morgan again objected to the witnesses testifying for the reasons given in his motion to suppress. His objections were overruled and the witnesses were permitted to testify. Morgan presents two arguments: one, the witnesses are *per se* incompetent due to their submission to hypnosis regarding the questioned events, and two, the witnesses are incompetent because their testimony is the product of impermissibly suggestive hypnotic sessions.

█ The Supreme Court of Indiana has addressed the issue of the use and effect of hypnotism on the competence of witnesses to testify subsequent to hypnosis. Indiana excludes evidence derived from witnesses while they are in a hypnotic trance as being inherently unreliable and lacking probative value. *Strong v. State,* (1982) Ind., 435 N.E.2d 969. However, Indiana does allow the use of hypnosis to refresh witnesses' recollections of events about which the witnesses will testify at trial. Hypnosis used for such a purpose will not render the witnesses incompetent *per se. Pearson v. State,* (1982) Ind., 441 N.E.2d 468; *Forrester v. State,* (1982) Ind., 440 N.E.2d 475.

Because this case does not involve testimony while under hypnosis, Morgan's argument the witnesses are *per se* incompetent is meritless. "[T]he fact of hypnosis should be a matter of weight with the trier of fact and not a *per se* disqualification of the witness." *Pearson,* 441 N.E.2d at 473.

Morgan's second argument, a claim of incompetency due to impermissibly suggestive hypnotic sessions, is based upon the grounds that:

1.  the hypnotist was a deputy sheriff,
2.  another deputy sheriff was present during the sessions,
3.  the questions were suggestive,
4.  one subject, Webb, may not have been under hypnosis, and
5.  a change occurred in the witnesses' testimony following hypnosis between their grand jury and their trial testimony.

█ The fact the hypnotist was not an independent psychiatrist or psychologist experienced in the use of hypnosis and the sessions were conducted in the presence of a third person are just three of many factors which affect the credibility of the witnesses as opposed to rendering them incompetent. *Pearson.* Because the factors were ones of weight and not admissibility and the evidence thereon was presented to the trier of fact for its consideration, the trial court's denial of the motion to suppress is errorless.[3]

---

1.  Morgan raises two other issues in his motion to correct error and in his statement of issues presented for review. However, he does not argue them in his brief and, thus, waives the issues on appeal. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

2.  Morgan asked that Webb and Brill's testimony be suppressed because (1) Webb said nothing significantly different after hypnosis than he had said prior to hypnosis, and (2) Brill was not ever in a hypnotic state and she was "strongly influenced" by the hypnotist to give statements which fitted closer with the charges filed against Morgan. Further, Brill's statements were "influenced by suggestiveness and [were] the product of her imagination." Record at 56–57.

3.  In *Pearson v. State,* (1982) Ind., 441 N.E.2d 468, 473, the supreme court made the following statement:

    "In every case, the trier of fact must be presented with sufficient evidence to be able to judge the reliability of the witness's perception of the events before the hypnosis session, the manner in which the hypnosis procedure was conducted, and the degree to which the witness's statements were changed by the hypnosis statement."

    Arguably, the unavailability of evidence relevant to the above described factors bearing on

■ Morgan is not aided by his contention that the questions propounded to the witnesses during their hypnosis were suggestive. Morgan's conclusion of "suggestiveness" is unsupported by reference to specific questions he deems improper and, consequently, thwarts our review. Furthermore, improper suggestions to a subject during a hypnotic session is another factor affecting the subject's credibility as a witness as opposed to the subject's competency as a witness when, as here, that evidence is available to the fact finder. *Pearson.*

■ Morgan also argues Webb may not have been under hypnosis and there was a change in the witnesses' post-hypnosis trial testimony from their pre-hypnosis grand jury testimony. These arguments are also unavailing. The trial court ruled on Morgan's objections to the witnesses' testimony on two occasions: after the hearing on the motion to suppress and when the witnesses were first called by the state in its case in chief. At those points in time the trial court, of necessity, based its rulings on the evidentiary record before it. That record is totally devoid of any evidence as to Webb's state or as to the witnesses' prior grand jury testimony or, indeed, as to their anticipated trial testimony.[4] Therefore, the trial court's ruling is not amenable to this attack.

We do not find error in the trial court's ruling on the admissibility of the testimony of the witnesses Webb and Mrs. Brill.

The second issue is Morgan's attack upon the trial court's refusal to certify the hypnosis issue for interlocutory appeal pursuant to Ind.Rules of Procedure, Appellate Rule 4(B)(5)(b) [now 4(B)(6)(b)] which provides

"Also, appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases: ...

"Any other interlocutory order, if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

.    .    .    .    .

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case[.]"

■ Morgan argues the issue should have been certified because the issue had not yet been ruled upon in Indiana and "an early determination, if Appellant were successful, would have promoted and provided an orderly and early disposition of the question." Appellant's Brief at 44. Certification, however, is a matter of grace with the trial court and the rule demands the appeal "promote a *more* orderly disposition of the case." A.R. 4(B)(6)(b). We fail to see any error on the part of the trial court in refusing certification, particularly in light of the fact Morgan is able to present the issue for full appellate review now and is not noticeably harmed.

We point out our supreme court has ruled on the issue of interlocutory appeal of issues in criminal cases, although each case involved the state appealing rather than the defense. The supreme court's interpretation of the use of A.R. 4(B)(6) in criminal cases was given in *State v. Nichols,* (1980) Ind., 412 N.E.2d 756, 758.

"In the case at bar, there is no question of constitutionality presented. The merits solely concern the correctness of the ruling of the trial court's determination that the defendant's confession should be suppressed. We view this as no different than any other ruling by a trial judge concerning admissibility of evidence during the course of a trial. This Court is extremely reluctant to place the Indiana judiciary in the position of having a po-

the credibility of the previously hypnotized witness could provide a basis for the exclusion of that witness's testimony. However, that ground was neither asserted nor available in this case.

4. Furthermore, our examination of the record reveals that, contrary to Morgan's assertion,

the witnesses' direct examination during the state's case in chief was consistent with their pre-hypnosis statements. All facets of the hypnotism sessions, including the fact of the sessions themselves, as well as any "new" or inconsistent evidence from the witnesses, was elicited by Morgan on his *cross-examination.*

tential appeal from every ruling on the admissibility of evidence by a trial judge."

We find this language applicable to appeals by the defense as well as to appeals by the state. The trial court did not commit error in refusing to certify an issue regarding admissibility of testimony.

Morgan's third issue is whether the trial court erred in refusing Morgan's instructions numbered nine and ten concerning, in part, the alleged lesser included offenses under Count I of reckless homicide and criminal recklessness.

■ The criteria used in determining whether reversible error results from the failure to give tendered instructions are:

1. Does the instruction correctly state the law?

2. Is there evidence in the record to support the giving of the instruction?

3. Is the substance of the tendered and refused instruction covered by any other instruction which was given?

*Rose v. State*, (1982) Ind.App., 431 N.E.2d 521, 523.

■ Morgan's tendered instructions as they relate to reckless homicide and criminal recklessness correctly state the law, but the tendered instructions contain more than the law regarding these two alleged lesser included offenses. Specifically, the tendered instructions addressed the offense of attempted murder. The evidence did not support an instruction regarding attempted murder because the evidence is undisputed Jeffrey Brill died as a result of the injuries inflicted in the manner charged by the indictment. It would have been error of the trial court to have given Morgan's tendered instructions nine and ten. There was no error in refusing the instructions.

■ Morgan's last issue deals with the sufficiency of the evidence supporting the convictions. Morgan argues he did not knowingly commit the stabbings because he had been drinking heavily, using drugs, and did not remember stabbing or cutting anyone. We neither weigh the evidence nor judge the credibility of the witnesses but, instead, look only to the evidence favorable to the state and all reasonable inferences therefrom. If we find substantial evidence of probative value from which a reasonable trier of fact could conclude guilt beyond a reasonable doubt on each element of the offenses, then we must affirm. *Resnover v. State*, (1982) Ind., 434 N.E.2d 78.

■ Because the element of "knowingly" involves a mental state, its existence can be but a reasonable inference from the surrounding circumstances. *Norris v. State*, (1981) Ind., 419 N.E.2d 129, 132. The evidence Brill suffered five wounds and one cutting wound is itself sufficient to support a reasonable inference that Morgan was aware of a high probability that he was engaging in the conduct beyond a reasonable doubt. Webb's testimony of his confrontation with Morgan immediately preceding the stabbing is similarly sufficient to support the reasonable inference of knowing conduct beyond a reasonable doubt. Webb testified Morgan and he directly eyed each other, then Morgan's hand came up and Morgan lunged at Webb. Other evidence reveals the hand contained a knife.

■ The evidence was sufficient to support the element of knowingly on each offense.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.