WHITEWATER VALLEY CANOE RENTAL, INC., Appellant (Defendant Below),

v.

The BOARD OF FRANKLIN COUNTY COMMISSIONERS, Appellee (Plaintiff Below).

No. 81A01–8603–CV–66.

Court of Appeals of Indiana, First District.

May 21, 1987.

Rehearing Denied June 30, 1987.

Daniel J. Temming, Cincinnati, Ohio, for appellant.

David P. Barrett, Brookville, Peter D. Shaw, Connersville, for appellee.

ROBERTSON, Judge.

The appellant-defendant Whitewater Valley Canoe Rental, Inc. (Whitewater) is appealing from a default judgment, among other things, rendered in favor of the plaintiff-appellee Board of Commissioners of Franklin County (Commissioners).

An initial summary of facts shows that the Commissioners duly adopted an ordinance regulating the use and operation of watercraft for hire, lease, or rental on the natural waters of Franklin County, Indiana. Whitewater is the owner of watercraft for hire in Franklin County and was regulated by the subject ordinance. The Commissioners filed a complaint for civil penalty against Whitewater. Subsequently, the trial court entered a default judgment against Whitewater as a sanction against Whitewater's obstreperous conduct relating to compliance with discovery. Thereafter, a hearing was held on the amount of judgment to be awarded to the Commissioners, with the trial court fining Whitewater $14,400.00 for its failure to register 72 of its canoes and to provide renters with a container suitable for the return of waste. Additional facts will be stated as required.

Whitewater raises twelve issues, which we have consolidated and restated as eight issues. None of Whitewater's contentions requires reversal.

I.

Whitewater's first issue is stated as: Whether an action brought to enforce an ordinance under I.C. 34-4-32-1 should be brought in the name of the "State of Indiana" by the prosecuting attorney, and no other person, firm, individual or group has standing to bring an action to enforce an ordinance.

Whitewater's argument that the action must be brought in the name of the State is not correct.

As the Commissioners point out, actions to enforce an ordinance are governed by I.C. 34-4-32-1(b):

A proceeding to enforce an ordinance shall be brought in the name of the municipal corporation. The municipal corporation need not prove that it or the ordinance is valid unless validity is controverted by affidavit.

A county is a unit, and a unit is included within the meaning of a municipal corporation. I.C. 36–1–2–23; I.C. 36–1–2–10. The record confirms that the statute was followed by the Commissioners and no error exists.

## II.

■ Whitewater contends that the ordinance under which it was sued is unconstitutional in three respects. First, Whitewater complains that the ordinance violates due process because it is so vague and overbroad that a person is not put on notice as to what acts are proscribed. In examining the standard of review applicable to a constitutional question, we observe that municipal ordinances stand on the same footing as acts of the legislature. *City of Indianapolis v. Clint's Wrecker Service* (1982), Ind.App., 440 N.E.2d 737. It is a well established rule that legislative acts are afforded a presumption of constitutionality, with the burden of rebutting that presumption upon the challenger with all reasonable doubts resolved in favor of the act's constitutionality. *Ruge v. Kovach* (1984), Ind., 467 N.E.2d 673.

The Franklin County ordinance requires that every watercraft for hire used on the natural waters of Franklin County be registered. Further, the ordinance states that all watercraft for hire shall have located thereon a container suitable to return all waste material for disposal. It also provides that each owner of watercraft for hire shall furnish to the Board (Commissioners) proof of the owner's right of access to and from the natural watercourse in order to register the watercraft. Whitewater's quarrel with the ordinance is its failure to adequately define "natural waters," "a container suitable to return all waste material," and "proof of access."

The ordinance contains a section defining certain terms used therein, including "natural waters":

C. The term "natural waters" shall mean any and every natural lake, river [and] stream located in Franklin County, Indiana.

Whitewater's contention is that the ordinance is facially vague and overbroad because the law fails to specifically enumerate all such natural waters existing in Franklin County. Also, the ordinance does not define what constitutes a "container suitable to return all waste material" nor does it delineate what will suffice as "evidence of the owner's right of access."

■ In order to satisfy due process requirements, penal statutes must be sufficiently explicit so as to adequately inform individuals of ordinary intelligence of the consequences of their contemplated conduct. *City of Indianapolis, supra.* A statute violates due process of law if it forbids conduct in terms so vague that a person of ordinary intelligence must necessarily guess at its meaning and differ as to its application. *Griffin v. State* (1976), 171 Ind.App. 543, 357 N.E.2d 917.

■ We do not agree that the ordinance in the instant case is vague merely because the ordinance does not enumerate every waterway covered by the law. Likewise, the other terms need not be so explicitly defined; individuals of ordinary intelligence would know that the canoe itself would not suffice as the container suitable to return waste material, as Whitewater suggests the ordinance could be read. Due process does not invalidate every statute which a reviewing court believes could have been drafted with greater precision; all due process requires is that the law give sufficient warning that persons may conduct themselves so as to avoid that which is forbidden. *Rose v. Locke* (1975), 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185. Hence, we do not believe that the ordinance is vague for its failure to specify how an owner can prove he has right of access, especially since failure to so prove would prevent the owner from receiving a registration decal; it would not expose him to any criminal liability. Whitewater has not succeeded in demonstrating how the ordinance suffers from overbreadth, since it has not suggested how the ordinance could be construed to punish innocent activity. The ordinance does not violate due process.

Whitewater's next constitutional challenge is that the ordinance denies equal protection of the laws, and creates a classification which operates to deny a class of citizens privileges and immunities which do not apply to all citizens, in that it penalizes only those owners of watercraft "for hire," and not those operating watercraft of their own.

■ Because no suspect classification or fundamental right is involved, the traditional test is employed, which states that a classification that results in dissimilar treatment of persons similarly situated is prohibited, unless the classification has a reasonable basis fairly and substantially related to the object of the legislation. *City of Indianapolis, supra.*

Under the traditional equal protection test, the challenger must present a case which is sufficient to overcome the general presumption of constitutionality. The same party must present the court with the legal and factual means to determine whether the statutory scheme involving a classification is related to the purpose of the act. The party must put before the court a statement of the purpose and objective of the act for which it contends. The party must identify for the court the statutory characteristics which serve to differentiate the classes. And it must show that there is no rational basis for dissimilarly treating classes having only those differences. This burden may be carried by demonstrating the identity of interest of the two classes which inheres in the subject matter of the legislation.

*Board of Commissioners of Howard County v. Kokomo City Plan Commission* (1975), 263 Ind. 282, 330 N.E.2d 92.

■ Although Whitewater has identified the purpose of the act and the statutory characteristics which serve to differentiate the classes, it has not shown there is no rational basis for dissimilarly treating classes having only those differences. According to the record, the ordinance was effected in order to protect the rights of riparian property owners and to preserve the rivers and streams polluted primarily by persons renting watercraft. To that end, the enactment authorizes a registration fee which is designed to provide revenues to be "dedicated to the county for purposes of enforcement and river preservation and management." There is some rational basis for the classification herein. For the same reason, the ordinance here does not violate privileges and immunities. *See Kelly v. Finney* (1935), 207 Ind. 557, 194 N.E. 157.

■ Whitewater's final constitutional challenge is that the ordinance lays a burden on interstate commerce prohibited under the commerce clause of the federal constitution, reasoning that the ordinance "creates the opportunity to impede the flow of commerce on the Whitewater River ..." Whitewater's argument is without merit. States may regulate interstate commerce in a reasonable manner in the absence of federal legislation covering the subject. *Duff Truck Line v. State* (1975), 163 Ind.App. 4, 321 N.E.2d 594. The states may not impose a direct burden upon interstate commerce in that they may not require a license fee to be paid as a condition precedent to engaging in interstate commerce. *Id.* The registration fee involved here is a proper defrayal of the expenses related to enforcement of the ordinance, and is also a proper assessment for protection and maintenance of Franklin County's rivers and streams. There is only a slight, indirect burden on interstate commerce which does not invalidate the ordinance.

Because Whitewater has not rebutted the strong presumption of constitutionality afforded ordinances, we will not reverse on constitutional grounds.

### III.

The next issue to consider is:

Whether the order compelling discovery and denying Whitewater's protective order was a violation of Whitewater's right against self-incrimination.

The Commissioners filed interrogatories directed to Whitewater on January 16, 1984. Having failed to receive answers on April 12, 1984, the Commissioners filed a

motion to compel discovery. Following the court's order to compel answers to the interrogatories, Whitewater filed a motion for protective order, claiming that Whitewater should not be required to answer the interrogatories on the ground that to do so would tend to incriminate it or its agents. Whitewater also filed a motion for a protective order in response to the Commissioners' motion for production of documents.

■ The right against self-incrimination is a purely personal one, and cannot be utilized on behalf of a corporation. *U.S. v. White* (1944) 322 U.S. 694, 699, 64 S.Ct. 1248, 1251, 88 L.Ed. 1542; *U.S. v. Habig* (7th Cir.1973) 474 F.2d 57, *cert. denied,* 411 U.S. 972, 93 S.Ct. 2145, 36 L.Ed.2d 695. Likewise, Whitewater had no constitutional right to refuse to produce corporate records in response to the lawful request therefor, even though the records may incriminate a corporate officer personally. *Habig, supra.* Accordingly, the trial court's order compelling Whitewater to respond to interrogatories and to produce documents was not a violation of Whitewater's or its agents' constitutional rights.

### IV.

■ Next we decide whether the court erred in ordering Whitewater to produce "all books, records, receipts, accounts or documents relating to the defendant's canoe rental business ... covering the month of June of 1983."

Information sought under discovery must be admissible or reasonably calculated to lead to admissible evidence. *Chambers v. Public Service Company of Indiana* (1976), 265 Ind. 336, 355 N.E.2d 781; *see* Ind. Rules of Procedure, Trial Rule 26(B). The grant or denial of motions for discovery rests within the sound discretion of the trial court and will be reversed only for an abuse of that discretion. *Keystone Square v. Marsh Supermarkets* (1984), Ind.App., 459 N.E.2d 420.

Whitewater's entire argument is that the material sought for the month of June bore no relevancy to the violation of the ordinance occurring on one day, June 20th. As the Commissioners point out, the business records for June 1983 were reasonably calculated to lead to admissible evidence regarding the nature of Whitewater's business, a fact in contention. Having failed to demonstrate that the trial court's order was an abuse of discretion, we refuse to reverse on that ground.

### V.

Whitewater's next issue is whether the court erred in refusing to certify to the court of appeals the trial court's denial of Whitewater's motion for a protective order. In its motion, Whitewater maintained that answering the interrogatories would violate its right against self-incrimination. It concluded in its motion to certify that if the answers to the interrogatories had been provided and on appeal the trial court was found to have incorrectly decided the issue, then the incriminating evidence already would have been revealed.[1]

Appellate Rule 4(B)(6)(c) provides that an appeal may be taken to the court of appeals from:

 · · · · ·

(6) Any other interlocutory order, if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

 · · · · ·

(c) The remedy by appeal after judgment is otherwise inadequate.

■ Certification is a matter of grace with the trial court. *Morgan v. State* (1983), Ind.App., 445 N.E.2d 585. It is a matter for the trial court's discretion whether issues in an order will be certified for appeal as an interlocutory order. *Southern Indiana Rural Electric Cooperative, Inc. v. Civil City of Tell City, Perry County* (1979), 179 Ind.App. 217, 384 N.E.2d 1145. Whitewater has not convinced us that the remedy by appeal is

---

**1.** The motion to certify contained in the record concerns only the interrogatories, not the order compelling Whitewater to produce certain documents, which Whitewater challenged on the same constitutional grounds. Record at 130.

otherwise inadequate. Had Whitewater been compelled to give answers to interrogatories which were incriminating, on appeal this court could have ordered a new trial at which the answers could have been excluded from evidence. Nevertheless, any error in the court's refusal to certify was harmless given our holding that Whitewater cannot claim any right against self-incrimination. *Morgan, supra* at 588.

## VI.

The next issue before us is whether the court erred in granting default judgment in response to the Commissioner's motion for sanctions. Trial Rule 37(B) provides the trial court with the discretionary power to enforce a just and speedy disposition of a lawsuit. Sanctions for a party's failure to comply with discovery orders range from allowance of expenses to entry of dismissal or judgment by default. *Foote v. Baltimore and Ohio R. Co.* (1984), Ind.App., 465 N.E.2d 219. Thus, the discovery sanction to be imposed under T.R. 37 is left to the sound discretion of the trial court. *Mulroe v. Angerman* (1986), Ind.App., 492 N.E.2d 1077.

The record documents the conduct of discovery: on January 16, 1984, the Board filed a set of fourteen interrogatories. Having failed to receive answers, the Board filed a motion to compel discovery on April 12, 1984. The court ordered Whitewater to comply with the Commissioner's request for answers within 30 days. Within the thirty-day deadline, Whitewater filed its motion for a protective order and a motion to dismiss. After a hearing, the court denied both motions. The Commissioners' motion for production of documents and request for admissions were filed August 14, 1984. On October 5, Whitewater denied the allegations contained in the complaint in response to the request for admissions.

On October 10, 1984 the Commissioners filed their first motion for sanctions. Nine days later, Whitewater asked the court to reconsider its earlier order denying Whitewater a protective order. On the same day, Whitewater filed a motion for a protective order from the Commissioners' request for production of documents, claiming a Fifth Amendment right against self-incrimination. Additionally, Whitewater asserted in its motion that production of the requested documents would be burdensome and annoying.

In response to the various motions pending before it, the court on October 25 held the Commissioners' motion for sanctions under advisement pending Whitewater's compliance with its order to answer the interrogatories and produce the requested documents, all by November 14, 1984. Whitewater's motions to reconsider, certify, and for protective order were denied.

On November 13, 1984 Whitewater filed answers to the interrogatories and served Commissioners with one document labeled exhibit A. Whitewater stated in its response that "the other documents are no longer in existence as they have either been lost or destroyed." The ensuing second motion for sanctions brought by Commissioners alleged that Whitewater's responses to the interrogatories were evasive and incomplete, and that Whitewater's claim to have lost or destroyed documents which it earlier had protested would be too burdensome to produce was fraudulent.

After a hearing, the trial court entered default against Whitewater finding that Whitewater had abused, resisted, and obstructed discovery in bad faith in that it had either destroyed documents material to the case or refused to produce them. The trial court further concluded that the Commissioners' rights had been delayed and obstructed to such a degree that a lesser sanction than default would be inadequate.

Whitewater takes a different view of the facts. It contends the facts show that Whitewater had merely used those remedies provided under the trial rules to oppose discovery, and that no bad faith had been demonstrated. However, it is reasonable to assume that the court found Whitewater had shown contumacious disregard for the court's orders merely from the uncontroverted evidence that Whitewater reported documents destroyed or lost which had been the subject of motions for protective orders, and which Whitewater had previously claimed were too burdensome to produce.

■ Whitewater's argument that lesser sanctions should have been imposed first is unavailing. Lesser sanctions should be imposed unless there has been contumacious disregard of the court's orders by the defaulted party, and the conduct of that party has or threatens to so delay or obstruct the rights of the opposing party that any other relief would be inadequate. *Justak v. Bochnowski* (1979), 181 Ind.App. 439, 391 N.E.2d 872. The trial court so found, and Whitewater has not demonstrated that the trial court abused its discretion when it entered default judgment.

### VII.

When the trial court entered judgment on default, it reserved the issue of the amount of the judgment until a hearing could be held to determine the number of violations of the ordinance. Whitewater raises as an issue whether the court improperly denied Whitewater the right to put on rebuttal testimony at the hearing on the penalty.

At the hearing, the Commissioners called Jerrold Brown, who testified that he observed 72 of Whitewater's canoes which were not registered and were not equipped with a container suitable for the return of waste material. These canoes were being operated on a natural river in Franklin County. Counsel for Whitewater cross-examined Mr. Brown concerning what he had observed. Thereafter, Whitewater attempted to call an employee of Whitewater, Randy Ritz, as a rebuttal witness. The trial court sustained Commissioners' objection to any rebuttal testimony because the purpose of the hearing on damages was to establish a factual basis for imposing a judgment; Whitewater by its default had foreclosed a trial on the merits.

■ At a hearing on the issue of unliquidated damages after entry of default, the defendant may cross-examine the plaintiff's witnesses and he may call witnesses of his own to prove any matters which extenuate or mitigate the damages alleged by the plaintiff. *Stewart v. Hicks* (1979), 182 Ind.App. 308, 395 N.E.2d 308. The defendant may not introduce a substantive defense. *Id.* In its offer to prove,

Whitewater averred that Mr. Ritz would testify that Mr. Brown had confused a competing livery's sticker with the required registration sticker, undermining Mr. Brown's conclusion that the absence of the sticker on Whitewater's canoes meant they were not registered. Mr. Ritz would also have testified that "... some sort of a container suitable for the disposal of waste was made available to all people that rented canoes ..." on June 20th, and that no canoes were rented that day. We think that by this testimony, Whitewater attempted to present a substantive defense, going beyond merely proving matters that would mitigate the damages. Under *Stewart v. Hicks,* it may not do that. Moreover, we find that the trial court's exclusion of the rebuttal testimony was within the considerable discretion vested in the trial court when ruling on admission and exclusion of evidence. Even if error occurred, it is only when an error in the ruling relates to a material matter, or is of such character as to substantially affect the rights of parties that such error justifies reversal. *Posey County v. Chamness* (1982), Ind.App., 438 N.E.2d 1041.

The trial court's exclusion of Ritz's testimony was not reversible error. The testimony that Brown had mistakenly identified another livery's sticker would not have contradicted Brown's testimony that none of the Whitewater canoes bore a sticker of any kind. Moreover, the court reasonably exercised its discretion in excluding evidence proving inconsistent facts. No reversible error was presented.

### VIII.

The final issue to consider is whether the award of $14,400 against Whitewater was excessive. The trial court found after the hearing that Whitewater had rented 72 canoes without registering them and without providing a container suitable for the return of waste material. It concluded that Whitewater should pay the Commissioners $100 for each of the 144 separate violations of the ordinance, for a total of $14,400. Whitewater complains that the judgment is excessive because the penalty per canoe, $200, is twenty times greater than the cost of registration for each canoe, $10.00.

Reasonable penalties may be imposed by ordinances and statutes when authorized in order to induce compliance with their terms. *Town of Walkerton v. New York C. & St. L.R. Co.* (1939) 215 Ind. 206, 18 N.E.2d 799, *cert. denied,* 308 U.S. 556, 60 S.Ct. 75, 84 L.Ed. 467. Whether a penalty is reasonable or excessive must be determined in light of particular circumstances. *Id.*

The penalty provided by ordinance in this case is not excessive, in that a person violating the ordinance may be assessed a flat amount up to $1,000 for each violation. Although under different circumstances, imposition of the penalty authorized in the ordinance might be excessive, the court's imposing a $100 fine for each violation here was not improper.

Judgment affirmed.

RATLIFF, C.J., and NEAL, J., concur.