**Shirley FOOTE, Administratrix of the Estate of James E. Foote, Plaintiff-Appellant,**

v.

**BALTIMORE AND OHIO RAILROAD COMPANY, Chessie Systems, Inc., Defendants-Appellees.**

**No. 3–483A115.**

Court of Appeals of Indiana, Third District.

June 28, 1984.

Rehearing Denied Aug. 2, 1984.

**220**

John C. Grimm, Allen R. Stout, Grimm & Grimm P.C., Auburn, for plaintiff-appellant.

William E. Borror, Thomas L. Wooding, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for defendant-appellee.

STATON, Presiding Judge.

After Shirley Foote filed her wrongful death action for her husband's death resulting from a car-train collision, Baltimore and Ohio Railroad Company (Baltimore) was substituted for Chessie Systems, Inc. (Chessie) as the proper party defendant. Foote's continual noncompliance with the trial court's discovery orders prompted Baltimore to file a TR. 37(B) motion to dismiss.[1] After hearing arguments on the motion, the trial court dismissed Foote's claim; the trial court concluded that Foote's failure to comply with discovery orders so "threatened to delay or obstruct Baltimore's rights" that any other sanction would be inadequate. On appeal, Foote contends that dismissal was an abuse of the trial court's discretion.

Affirmed.

TR. 37(B) provides the trial courts with the discretionary power to enforce a just and speedy disposition of a lawsuit. *Breedlove v. Breedlove* (1981), Ind.App., 421 N.E.2d 739, 741. This power consists of various sanctions ranging from allowances of expenses to entry of dismissal or judgment by default:

> "(2) Sanctions by court in which action is pending. If a party or an officer, director, or managing agent of a party or an organization, including a governmental organization, or a person designated under Rule 30(B)(6) or 31(A) to testify on behalf of a party or an organization, including a governmental organization, fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (a) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

---

1. Ind.Rules of Procedure, Trial Rule 37(B). *See* rule set out in pertinent part *infra*.

(b) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(d) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination under Rule 35;

(e) Where a party has failed to comply with an order under Rule 35(A) requiring him to produce another for examination, such orders as are listed in paragraphs (a), (b), and (c) of this subdivision, unless the party failing to comply shows that he is unable to produce such person for examination."

 The trial court's choice of which sanction to impose is a matter of its discretion. *Breedlove, supra* at 741–42. As aptly stated by the Second District in *Breedlove,*

"The sanction of dismissal or default is obviously more drastic and severe than other available sanctions. Because the law favors the disposition of cases on their merits, the imposition of these sanctions is appropriate only under limited circumstances or in extreme situations. Where an alternate less drastic sanction would be effective it must be utilized. T.R. 37(B)(4). However, where a responsible party has in bad faith abusively resisted or obstructed discovery or violated a court order enforcing discovery, and the court finds such conduct has delayed or obstructed, or threatens to so delay or obstruct, the rights of the opposing party so that other relief would be inadequate, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for the noncompliance."

We also agree with the Second and Fourth districts that although the extreme sanctions should be rarely utilized they are appropriate where the imposition of a lesser sanction would merely add to the innocent party's frustration and delay. *Fulton v. Van Slyke* (1983), Ind.App., 447 N.E.2d 628, 635; *Breedlove, supra* at 743.

 Foote contends that the trial court's order to dismiss her suit was an abuse of discretion because a lesser sanction would have been effective in enforcing her compliance with discovery orders. We disagree.

The following undisputed facts appear in the record: Foote filed a wrongful death action against Chessie on December 30, 1980. Chessie entered its appearance on January 19, 1981 and received an extension of time to file its answer on February 22, 1981. Rather than file an answer, Chessie filed a TR. 12(B)(6) motion to dismiss for failure to name the real party in interest, Baltimore and Ohio Railroad Company (Baltimore).[2] The trial court then extended the original hearing date for this motion to April 23, 1981 at which time Foote was allowed to amend her complaint and Baltimore was allowed an extension of time to file its answer. Baltimore filed its answer on July 13, 1981.

On August 14, 1981, Baltimore gave to Foote its first set of Interrogatories. Despite Baltimore's repeated requests for answers, Foote waited four months to file her answers. Baltimore cites this as Foote's first violation of discovery.

During the first pretrial conference held on June 28, 1982, Baltimore gave Foote its second set of Interrogatories. In addition, the trial court ordered that the parties conclude discovery by October 1, 1982, and submit proposed orders and their lists of witnesses by November 15. Trial was scheduled for January 18, 1983.

Once again, Baltimore made several requests for the answers to the second set of

**2.** Ind.Rules of Procedure, Trial Rule 12(B)(6).

Interrogatories as the time remaining for discovery approached the October 1, 1982 date set by the trial court. On September 22, 1982, Baltimore received an unsigned, unfiled copy of evasive answers. When a proper set of answers had neither been filed nor submitted to Baltimore by September 27, 1982, Baltimore filed a motion to compel the answers and sought an extension of time to conclude its discovery. The trial court ordered Foote to answer by October 27, 1982 and granted Baltimore an extension to November 27, 1982 to complete depositions of Foote's witnesses. Baltimore claims that Foote's failure to supply a proper set of answers within the time prescribed for discovery was her second violation.

By October 29, 1982 Baltimore still had not received answers from Foote regarding its second set of Interrogatories. Interpreting this noncompliance with the trial court's order to supply proper answers by October 27, 1982, Baltimore filed a TR. 37 motion to dismiss. Approximately one week before the scheduled hearing on the motion to dismiss, Foote filed her answers to the Interrogatories together with a request to extend the January 18, 1983 trial date. The trial court refused to extend the trial date because of the amount of lapsed time during which most of the discovery should have been completed and because two months remained before trial to complete discovery. In addition, the trial court ordered Foote and Baltimore to arrange mutually convenient times for Baltimore to depose Foote's witnesses.

Baltimore claims that Foote's fourth violation of the trial court's discovery orders was a failure to arrange the depositions and the failure to notify Baltimore of any problem in arranging them during the agreed times. When the latest date which had been an agreeable time to meet passed without Foote's acknowledgment, Baltimore filed its second TR. 37 motion to dismiss.

The trial court determined that dismissal of Foote's claim was the only appropriate sanction for Foote's continuous violations of its discovery orders:

"Comes [*sic*] now the parties by counsel and argument is now had upon defendant's motion to dismiss. And the Court having heard the argument of counsel and being sufficiently advised now concludes that the plaintiff has failed to comply with the Rules of Procedure with respect to discovery and has further failed to comply with orders of court heretofore entered with respect to discovery and with respect to the defining of the issues to be tried herein and that therefore plaintiff's complaint is now dismissed with costs taxed to plaintiff."

\* \* \* \* \* \*

"Come now parties, by counsel, and argument is now had upon plaintiff's motion to correct errors. The Court having heard the argument concludes that while dismissal of plaintiff's complaint is a most drastic remedy because of the failure of counsel to respond to discovery, the Court nonetheless perceives that there have been repeated efforts by the defendant to secure the discovery sought and continued failure of counsel for plaintiff to comply therewith, the Court therefore reluctantly confirms its judgment heretofore entered and now overrules plaintiff's motion to correct errors in each and every particular therein contained. This action is now ordered off the current dockets of the Court."

The facts as set forth above amply support the trial court's determination that Foote's continual noncompliance with its discovery orders "has or threatens to delay or obstruct" Baltimore's rights to the degree that any sanction other than dismissal would be inadequate. *Breedlove, supra* at 742–43. Foote fails to persuade us that lesser sanctions would be adequate. Foote's indifference to the orders of the trial court is readily apparent; it was not until well beyond a year of discovery that Foote's attorney became overburdened and that a particular expert witness was temporarily unavailable. Therefore, the trial

court did not abuse its discretion by dismissing Foote's claim for continual non-compliance with discovery orders.

Affirmed.

HOFFMAN and GARRARD, JJ., concur.