**Donald G. NICHOLS,**
**Plaintiff-Appellant,**

v.

**INDIANA STATE HIGHWAY DEPARTMENT, State of Indiana, Indianapolis Department of Public Works, City of Indianapolis, Marion County Department of Transportation, County of Marion, Indiana, Defendants-Appellees.**

No. 1–1085A265

Court of Appeals of Indiana,
First District.

April 17, 1986.

Aaron E. Haith, Indianapolis, for plaintiff-appellant.

Linley E. Pearson, Atty. Gen., Thomas Ralph Hamill, Deputy Atty. Gen., Gary W. Bippus, City-County Legal Div., Indianapolis, for defendants-appellees.

RATLIFF, Judge.

STATEMENT OF THE CASE

Donald G. Nichols appeals the judgment of the Hendricks Circuit Court dismissing his cause of action with prejudice pursuant to Indiana Rules of Procedure, Trial Rule 41(E), contending the trial court erred in failing to hold a hearing prior to dismissal. We affirm.

## FACTS

Nichols instituted this action for damages and injunctive relief against the above named appellees on August 20, 1981. A pre-trial conference was held on May 24, 1983, resulting in a pre-trial order wherein Nichols was ordered to file a list of witnesses, an exhibit list, and a list of contentions by June 15, 1983. After several continuances, the case ultimately was set for trial on June 11, 1985. Nichols never complied with the pre-trial order. Appellees filed motions in limine seeking an order preventing Nichols from presenting testimony by any witness not listed, offering any exhibits not listed, or advancing any contentions not listed. Since none whatever had been listed, the motions sought to prevent Nichols from presenting any case at all. The court scheduled a settlement conference and hearing on all pending motions on June 10, 1985. Counsel for Nichols and counsel for appellees appeared on June 10 and the court heard the motions in limine. The court indicated the motions would be granted, that Nichols would be precluded from presenting any evidence, and struck the case from the June 11 trial calendar. On June 24, 1985, the court entered the judgment from which this appeal is taken wherein it found "that the aforementioned Motions in Limine ... are to be construed in terms of contents and effect as Motions for Dismissal, pursuant to T.R. 41(E), on the grounds that Plaintiff has failed to comply with the Indiana Rules of Civil Procedure, to-wit: T.R. 16 ..." Record at 318. The court entered judgment dismissing the case with prejudice pursuant to T.R. 41(E).

## ISSUE

The sole issue presented in this appeal, which we have restated, is whether the trial court erred in dismissing Nichols' case with prejudice where Nichols had totally failed to comply with the terms of a pre-trial order directing him to file witness lists, exhibit lists, and a list of contentions by a date two years prior to the court's action. Under the circumstances of this case, and for the reasons hereinafter stated, we find no reversible error.

## DISCUSSION AND DECISION

Indiana Rules of Procedure, Trial Rule 41(E) authorizes the court, after a hearing, to enter an order of dismissal with prejudice, "[w]henever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, ..." This rule has been interpreted as applying not only to violations of the rules of civil procedure, but as to violations of orders of the court entered pursuant to the rules. *Farinelli v. Campagna* (1975), 166 Ind.App. 587, 338 N.E.2d 299, *trans. denied*. Pre-trial orders entered pursuant to Trial Rule 16 clearly are within the purview of T.R.41(E). *Id.* Thus, it seems clear to us that the court, either on its own motion, or on motion of appellees, could have set a hearing on the question of whether Nichols' action should be dismissed under T.R. 41(E) for failure to comply with the pre-trial order issued under T.R. 16, and upon finding Nichols in default for more than sixty (60) days, could have dismissed his case with prejudice.

■ However, it is also clear that the court did not set a hearing for the purpose of considering dismissal pursuant to T.R. 41(E). Dismissal under T.R. 41(E) without such a hearing was an improper procedure. *Rumfelt v. Himes* (1982), Ind., 438 N.E.2d 980. There, our supreme court held Trial Rule 41(E) clearly requires a hearing on a motion to dismiss. *Id.* at 984. Here, no hearing was ever set pursuant to T.R. 41(E), and no motion under T.R. 41(E) ever was filed. Nichols was never notified dismissal under T.R. 41(E) was sought. In fact, the first mention of T.R. 41(E) was in the court's judgment of June 14, 1985, some fourteen (14) days subsequent to the hearing on the motions in limine. We believe such procedure is contrary to our supreme court's decision in *Rumfelt*.

■ However, although we believe the court erred in dismissing Nichols' case without a T.R. 41(E) hearing, we do not

consider such error reversible.[1] We believe it clear that the trial court had the power to enforce its pre-trial order and that appellees had a right to insist upon strict enforcement thereof. *Terre Haute Regional Hospital, Inc. v. El-Issa* (1984), Ind.App., 470 N.E.2d 1371, *trans. denied.* We have upheld the exclusion of witnesses not included in the witness list required by a pre-trial order. *McClamroch v. McClamroch* (1985), Ind.App., 476 N.E.2d 514, *trans. denied.* Likewise, we have found no abuse of discretion in the action of a trial court excluding exhibits which were not listed in the pre-trial order. *Howard Dodge & Sons, Inc. v. Finn* (1979), 181 Ind.App. 209, 391 N.E.2d 638. In addition, we have upheld dismissal for continual failure to comply with discovery orders against contentions that lesser sanctions would have been adequate. *Foote v. Baltimore and Ohio Railroad Company* (1984), Ind.App., 465 N.E.2d 219, *trans. denied.*

It is clear, we believe, that the trial court could have granted the appellee's motions in limine thereby effectively precluding Nichols from presenting any evidence at all. In fact, at the conclusion of the hearing on the motions in limine, the trial judge stated: "The motion is granted ... [t]hat disposes of the case." Record at 408. Nichols was given an opportunity to be heard on the motions in limine and did appear by counsel and was heard. He cannot complain of lack of notice or a lack of a hearing on those motions. The trial court had every right to grant the motions in limine because of Nichols' total neglect for two years to comply with the pre-trial order. Thus, the court did not abuse its discretion in sustaining the motions in limine.

Although the technically correct procedure to dismiss under T.R. 41(E) is to set a

hearing for that purpose and hold such a hearing, *Rumfelt*, we will not remand to hold such a hearing. For all practical purposes, the sustaining of the motion in limine precluding Nichols from presenting any evidence terminated Nichols' case. The order of dismissal is merely the icing on the cake. The trial court did not abuse its discretion in so ruling. In the interests of judicial economy, we will not remand for compliance with a technical procedure which will accomplish no more than already has been done. There is no reversible error.

Judgment affirmed.

ROBERTSON, P.J., and NEAL, J., concur.

---

**1.** The Supreme Court of the United States in upholding the action of the district court in *sua sponte* dismissing a case for want of prosecution, said that the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing thereon does not necessarily render such a dismissal void. *Link v. Wabash Railroad Company* (1962), 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734. The court said that not every order entered without notice and a pre-

liminary adversary hearing offends due process. A party may have such notice of the consequences of his own conduct as to dispense with the notice requirement. *Link*, 370 U.S. at 632, 82 S.Ct. at 1389–90, 8 L.Ed.2d at 739. The Supreme Court further alludes to the court's inherent power to dismiss *sua sponte* for lack of prosecution. This court recognized that power in *Farinelli v. Campagna* (1975), 166 Ind.App. 587, 338 N.E.2d 299, *trans. denied.*