Karen E. **MULROE,** Plaintiff-Appellant,

v.

Robert V. **ANGERMAN, D.D.S.**
Defendant-Appellee.

No. 3–785–A–194.

Court of Appeals of Indiana,
Third District.

May 19, 1986.

Pamela P. Kosenka, Stults, Custer, Kutansky & McClean, Gary, for plaintiff-appellant.

David C. Jensen, Charles W. Webster, Eichhorn, Eichhorn & Link, Hammond, for defendant-appellee.

STATON, Presiding Judge.

Karen E. Mulroe (Mulroe) appeals from a judgment of the trial court dismissing her claim against Robert B. Angerman (Angerman) for dental malpractice. Mulroe's claim was dismissed for failure to comply with Angerman's discovery requests, failure to submit pre-trial contentions, witness list and exhibits, and lack of a medical expert to prosecute her malpractice cause of action. Four issues have been presented to us for review. They are as follows:

1. Did the trial court abuse its discretion by dismissing Mulroe's complaint for a violation of our discovery rules;

2. Did the trial court abuse its discretion by dismissing Mulroe's complaint for failure to file a pre-trial order prior to the close of business on the day the pre-trial order was due;

3. Did the trial court abuse its discretion by proceeding with a hearing on Angerman's motion to dismiss when Mulroe had less than one day's oral

notice and no written notice prior to the hearing; and

4. Did the trial court err by predicating its order of dismissal on Mulroe's failure to have an expert witness to prosecute her medical malpractice claim.

Affirmed.

## I.

### Discovery

█ Mulroe's complaint against Angerman for dental malpractice was filed June 7, 1978. Discovery by both parties was conducted, but it was not until August 15, 1984, that a pre-trial conference was held. The delay was partly due to the fact that Mulroe employed three lawyers at different times to pursue her claim against Angerman.[1] At the pre-trial conference, which was not attended by Mulroe or her counsel, the trial judge set the trial date for January 28, 1985, and ordered that all discovery be cut off sixty days before trial. The trial judge also ordered that a pre-trial order be submitted to the court on January 21, 1985.

On August 28, 1984, Angerman served five supplemental interrogatories on Mulroe pursuant to Indiana Rules of Procedure, Trial Rule 26(B)(4).[2] Mulroe made no answer, and on November 28, 1984, the trial court ordered Mulroe to answer the interrogatories within ten days or suffer dismissal of her claim. Mulroe's response to this order was to request an extension of time up to and including December 21, 1984. This time enlargement was granted, but the deadline passed without compliance. Angerman then moved the trial court to dismiss, and following a hearing on that motion on January 21, 1985, the trial court entered its judgment dismissing Mulroe's claim.

It is clear that T.R. 37(B)(2)(c) provides that a court in which an action is pending may dismiss that action for failure to comply with discovery orders. This sanction is

1. Mulroe's first lawyer withdrew on March 19, 1979, and the second withdrew November 14, 1983. Present counsel did not make an appearance until March 7, 1984.

2. T.R. 26(B)(4) is a discovery provision dealing with trial preparation and expert witnesses.

not mandatory but lies within the sound discretion of the trial court. *Sayre v. State* (1984), Ind.App., 471 N.E.2d 708, *trans. den.* We review such decisions under the abuse of discretion standard. *Lloyd v. State* (1983), Ind., 448 N.E.2d 1062, *reh. den.*

In essence, Mulroe's argument is that dismissal was an abuse of discretion because a lesser sanction would have effected compliance with the trial court's discovery order. This same issue was addressed by this court in *Foote v. Baltimore and Ohio Railroad Co.* (1984), Ind.App., 465 N.E.2d 219, *trans. den.* There, we affirmed the dismissal of a case because of noncompliance with a discovery order that " 'has or threatens to delay or obstruct' Baltimore's rights to the degree that any sanction other than dismissal would be inadequate." *Id.* at 222 (quoting *Breedlove v. Breedlove* (1981), Ind.App., 421 N.E.2d 739, *trans. den.*). A review of the instant record, which spans seven years, leads us to a similar conclusion.

In response to interrogatories propounded to Mulroe in 1979, she identified certain individuals as experts on whom she would rely as witnesses at trial. She also stated that she intended to consult with other specialists, and that "the answers to these interrogatories are intended to be preliminary and general in nature and ... that she will provide more specific information as it becomes available to her without the necessity of additional interrogatories being filed." (R. 46). In anticipation of a trial and pursuant to T.R. 26(B)(4), Angerman served supplemental interrogatories to Mulroe concerning her trial experts in August, 1984. Despite the fact that Mulroe's counsel responded to the trial court's order compelling discovery by claiming that answers would be provided by December 21, 1984, and despite the fact that the order to compel expressly provided that failure to comply would result in dismissal, no response was ever made.

Although the hearing on January 21st was unreported, the record reveals that the trial court heard comments from both counsel. Mulroe's cause of action was dismissed that same day.

Under these circumstances the trial court did not abuse its discretion by dismissing Mulroe's claim. Given the demonstrated failure of Mulroe to comply with the trial court's orders, in light of the fact that she was warned that failure to answer the interrogatories would result in dismissal, and that she was given an extension of time to answer them, we are not persuaded that a lesser sanction so close to the trial date would have been adequate. We are well aware that extreme sanctions should be rarely utilized, but when, as here, the imposition of a lesser sanction would merely add to the opposing party's frustration and delay, it is not an abuse of discretion for a trial judge to apply the ultimate sanction. *Nichols v. Indiana State Highway Dept.* (1986), Ind.App., 491 N.E.2d 227; *Foote, supra; See also, Farinelli v. Campagna* (1975), 166 Ind.App. 587, 338 N.E.2d 299, *trans. den.* (dismissal of a medical malpractice claim as an administrative control sanction.)

## II.

### *Time of Dismissal*

The pre-trial conference order of August 15, 1984, also provided that both parties were to sign and submit a pre-trial order on January 2, 1985. Angerman filed his portion of the order on January 18th, but by the time of the motion to dismiss hearing on January 21st, Mulroe had not yet filed her contentions, witness lists or copies of exhibits for trial, which was only one week away.

Mulroe contends that it was an abuse of discretion for the trial court to dismiss her claim for failure to comply with its order to submit contentions, witness lists and copies of exhibits on the morning that the order was due. Specifically, she argues that dismissal was premature since she could have filed her pretrial materials later in the afternoon to satisfy the trial court's January 21st deadline for submission.

A case may be dismissed for failure to comply with the rules and court orders thereunder. *Rumfelt v. Himes* (1982), Ind., 438 N.E.2d 980 (Prentice, J. and De-Bruler, J., dissenting); *Wilson v. Palmer* (1983), Ind.App., 452 N.E.2d 426. Applying the abuse of discretion standard to Mulroe's claim that her cause of action was prematurely dismissed, in order to reverse we would have to conclude that the trial court's decision was clearly against logic and effect of facts and circumstances before the trial court. *Allen v. Allen* (1985), Ind.App., 477 N.E.2d 104; *Farinelli, supra* (appellate court applies abuse of discretion standard when reviewing case dismissals).

The day after her case was dismissed, Mulroe's counsel filed an affidavit along with her motion to correct errors. In that affidavit she stated that she was unable to properly prepare for trial, that she orally moved for a continuance, and that she orally moved to withdraw as counsel. (R.8). Under these circumstances, we are not persuaded that the trial court abused its discretion by dismissing Mulroe's claim at the close of the hearing rather than waiting until the end of the day.[3] Moreover, Mulroe has not shown how she was prejudiced by the trial court's decision. Absent this showing, we are not inclined to order a reversal. *Hebel v. Conrail, Inc.* (1985), Ind., 475 N.E.2d 652, 659.

### III.

#### Notice

Mulroe also complains that she was given inadequate notice of the hearing. Angerman's motion to dismiss was filed on Friday, January 18, 1985, and the hearing on that motion was set for Monday, January 21, 1985, at 8:30 a.m. Mulroe argues she did not receive proper notice pursuant to Indiana Rules of Procedure, Trial Rule 6(D) which provides for five days notice before a hearing.

■ We need not decide whether Mulroe was entitled to T.R. 6(D) notice, since she has failed to preserve any error for us to review. On Friday, January 18th, Mulroe received actual notice of the hearing to be held Monday, January 21st. She appeared at that hearing and addressed the court. In her brief, Mulroe writes that she timely objected to the hearing because of inadequate notice, however, the record before us does not disclose her objection.

It is the party who appeals from a judgment of dismissal who bears the burden of demonstrating reversible error. *Bernhardt v. State* (1985), Ind.App., 479 N.E.2d 1367, n. 2., *trans. den.* That burden includes the appellant's obligation to make a proper objection and preserve it on the record for appeal. Error alleged but not disclosed by the record is not a proper subject for review. *Cook v. Hahn* (1980), Ind.App., 403 N.E.2d 834.

Here, we are unable to determine that Mulroe has preserved this issue for review since the record shows no objection and we have no statement of the proceedings under A.P. 7.2(A)(3)(c).[4] We may not reverse for errors not properly raised and preserved, *State v. Maplewood Heights Corp.* (1973), 261 Ind. 305, 302 N.E.2d 782, and it is elementary that to preserve error for review, a party must object at trial, raise the issue in the motion to correct error, and discuss the issue in the brief. Consequently, because Mulroe failed to object at the hearing, the issue of notice is waived on appeal.

■ In addition, we are not persuaded that Mulroe is entitled to the relief she seeks because we have not been shown how she was prejudiced by the trial court's action. *Hebel, supra.* Moreover, the instant case is not controlled by *J.C. Marlow Milking Machine Co. v. Reichert* (1984),

---

**3.** To bolster Mulroe's contention that the morning dismissal foreclosed her opportunity to file her pre-trial order in the afternoon, Mulroe could have petitioned the trial court for reinstatement of dismissal pursuant to Indiana Rules of Procedure, Trial Rule 41(F).

**4.** A.P. 7.2(A)(3)(c) allows for statements of the evidence or proceedings to be submitted where no transcript is available.

Ind.App., 464 N.E.2d 364, *trans. den.*, where failure to hold a hearing when required by our rules of procedure resulted in prejudicial harm. In this case, the required hearing was conducted.[5]

## IV.

### *Malpractice Witness*

Finally, Mulroe claims that it was contrary to law, as well as an abuse of discretion for the trial court to dismiss her claim because she failed to have a medical expert who could testify at trial.

We need not inquire into this issue since the trial court had every right to dismiss Mulroe's cause of action because of her failure to comply with the pre-trial order and other discovery abuses. Issues which are not essential to the proper determination of an appeal are usually not considered. *Fort Wayne Patrolman's Benevolent Assoc., Inc. v. City of Fort Wayne* (1980), 411 N.E.2d 630.

Since no reversible error has been presented, the judgment of the trial court is affirmed.

HOFFMAN and GARRARD, JJ., concur.

---

5. In a recently decided case, it was held that dismissal without a T.R. 41(E) hearing was not reversible error where "compliance with a technical procedure will accomplish no more than has already been done." In that case, involving a plaintiff who failed to file contentions, list of witnesses or exhibits, the appellate court sustained a motion in limine effectively precluding the plaintiff from introducing any evidence. *Nichols v. Indiana State Highway Dept.* (1986), Ind.App., 491 N.E.2d 227.