## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 27 2017, 11:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Daniel H. Pfeifer
James P. Barth
Pfeifer, Morgan & Stesiak
South Bend, Indiana

ATTORNEYS FOR APPELLEE
ERIKA SCHAADT

Jane E. Malloy
Ashley A. O'Neil
Malloy Law, LLC
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE
PERSONAL CAREGIVERS, INC.
D/B/A VISITING ANGELS

Alastar S. McGrath
Kozacky Weitzel McGrath, P.C.
Chicago, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dennis Hickey, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Erika Schaadt and Personal Caregivers, Inc., d/b/a Visiting Angels, <br> *Appellees-Defendants.* | April 27, 2017 <br><br> Court of Appeals Case No. 02A04-1611-CT-2672 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Stanley A. Levine, Judge <br><br> Trial Court Cause No. 02D03-1310-CT-470 |

**Bailey, Judge.**

# Case Summary

Dennis Hickey ("Hickey") was involved in an automobile accident with Erika Schaadt ("Schaadt") and brought a personal injury suit against Schaadt and her employer, Personal Caregivers, Inc., d/b/a Visiting Angels ("Visiting Angels"). During the three years that the case was pending, Hickey was thrice non-compliant with discovery orders. The trial court granted an Indiana Trial Rule 37 motion to exclude Hickey's witnesses and, because Hickey would then be unable to prove his case, granted a Trial Rule 41(E) motion to dismiss. Hickey presents the issue of whether the trial court abused its discretion by imposing this extreme sanction. We reverse and remand.

# Facts and Procedural History

On August 7, 2013, Hickey was driving a truck owned by his employer, Elkhart Transport Company ("Elkhart Transport"). As he neared the intersection of U.S. 33 and Hildebrand Road in Fort Wayne, he collided with a vehicle driven by Schaadt. Schaadt was en route to provide in-home services to a Visiting Angels client.

On October 15, 2013, Hickey filed a personal injury claim against Schaadt. Schaadt answered and filed a counterclaim against Hickey and a third-party claim against Elkhart Transport. Hickey amended his complaint to add Visiting

Angels as a defendant. After mediation, Schaadt's claims were settled in November of 2014.

[4] With respect to Hickey's claim, the trial court entered a case management conference order on March 19, 2014. The parties were ordered to exchange a preliminary statement of contentions, witness list, and list of exhibits, and to file the same with the court by October 1, 2014. Hickey's list – which he claimed to have mailed on October 2, 2014 – was filed-stamped on October 6, 2014.

[5] In June of 2015, a pretrial conference was re-scheduled and the trial court entered an additional order requiring the parties to exchange and file their witness and exhibit lists on or before December 1, 2015. Hickey did not comply with this order.

[6] The trial court conducted a pretrial conference on December 7, 2015 and entered a new order requiring that the parties exchange and file their witness and exhibit lists by October 1, 2016.[1] Pursuant to the order, the witnesses were to be identified by a name, address, and telephone number, at a minimum. Additionally, the order provided:

> Failure to comply with the witness and exhibit exchange order
> will preclude presentation of such witnesses and exhibits at trial
> upon objection of opposing counsel.

[1] The lengthy delay was designed to accommodate efforts at mediation.

(App. Vol. II at 138.) Schaadt and Visiting Angels filed their lists on October 4, 2016 and October 5, 2016, respectively. Hickey did not file his list by the deadline.

[7] On October 28, 2016, Schaadt filed a motion to bar evidence and exclude witnesses. On November 3, 2016, the trial court granted the motion. On November 5, 2016, Visiting Angels filed a motion to dismiss pursuant to T.R. 41(E). On November 7, 2016, Hickey filed a motion to reconsider the November 3, 2016 order. On November 11, 2016, Hickey filed a response to the motion to exclude evidence and motion to dismiss. He contended:

> The Plaintiff's witnesses, exhibits, and contentions have not changed and Plaintiff did not wish to clutter this Court's record with duplicative and redundant filings.

(App. Vol. III at 83.) At the same time, Hickey filed his required list. Some of the items lacked requisite specificity.[2] On November 14, Schaadt filed a motion to dismiss.

[8] On November 15, 2016, the trial court conducted a hearing, at which argument was heard on the motions to dismiss. Hickey's counsel conceded that he had been derelict in filing the requisite lists; two were late and one was not filed. However, counsel argued that the defendants were not prejudiced because

---

[2] For example, Hickey listed among his witnesses "any physicians at Community Occupational Health who provided care and treatment to plaintiff" and "any physicians at the emergency department of Saint Joseph Regional Medical Center who provided care and treatment to plaintiff." (App. Vol. III at 88-89.)

"nothing has changed." (Tr. at 24.) The trial court observed that the failure to file was not a "technicality" but rather "a failure to follow an order of this court." (Tr. at 26.) The trial court then granted the T.R. 41(E) motion to dismiss. This appeal ensued.

# Discussion and Decision

[9] A trial court has inherent power to maintain its dignity, secure obedience to its process and rules, rebuke interference with the conduct of business, and punish unseemly behavior. *Wright v. Miller*, 989 N.E.2d 324, 331 (Ind. 2013). "Indiana Trial Rules 37 and 41 each provide the trial court with mechanisms to ensure compliance with the trial rules and obedience to its orders." *Id.* at 327. Where the sanction imposed for discovery violations is dismissal, some overlap in the applicability of these rules may occur. *Id.* at 328. Trial Rule 37 permits a trial court to "make such orders … as are just," including prohibiting the introduction of evidence while Trial Rule 41 specifically addresses only dismissal. *Id.* at 327. Here, after the trial court excluded Hickey's witnesses as a Trial Rule 37 sanction, the trial court, in a subsequent order, dismissed Hickey's complaint pursuant to T.R. 41(E).

[10] Trial Rule 37 sanctions should not be imposed when circumstances make the sanctions unjust. *Id.* at 330. Particularly, in cases where the offending conduct is primarily attributable to counsel and not the client, and when prejudice to the opposing party is slight, due consideration should be given to sanctions directed primarily at counsel. *Id.* Such sanctions are imposed to minimize prejudice to

the client and the merits of the case, while appropriately incentivizing proper future behavior of counsel. *Id.* In *Wright*, our supreme court recognized that, in the context of a Trial Rule 37 dismissal, where defendants were "well-aware" of a witness, his exclusion was inconsistent with the trial court's duty to apply sanctions having a minimal effect on the evidence presented at trial and the merits of the case. *Id.* at 331. This informs our decision here.

[11] Trial Rule 41(E) provides in relevant part:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.

The rule applies to orders of the trial court. *Farinelli v. Campagna*, 166 Ind. App. 587, 592, 338 N.E.2d 299, 302 (1975). A trial court has power to enforce a pretrial order and parties have a right to insist upon strict performance. *Nichols v. Indiana State Highway Dep't*, 491 N.E.2d 227, 228 (Ind. Ct. App. 1986).

[12] We review the trial court's order of dismissal for an abuse of discretion. *Office Environments v. Lake States Ins. Co.*, 833 N.E.2d 489, 493 (Ind. Ct. App. 2005). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.* We have a preference toward deciding cases on

the merits; however, the trial court is better suited to determine whether dismissal is appropriate. *Id.* at 495.

[13] To determine whether a Trial Rule 41(E) dismissal is an abuse of discretion, we generally balance factors including: (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. *Office Environments*, 833 N.E.2d at 494. The weight to be given to a particular factor depends upon the facts of the particular case. *Id.*

[14] Hickey's counsel filed the final witness and exhibits list thirty-eight days late. There is no indication that this was in any way attributable to his client, Hickey. However, Hickey was held accountable by imposition of the most stringent sanction available, dismissal of his case with prejudice and costs assessed to him. As for prejudice to the defendants, it appears that one defendant's own diligence minimized the prejudice. Schaadt's witness list designated by name, professional title, and professional address those health care providers who

treated Hickey. As for the historical conduct factor, we note that Hickey's lack of diligence was not an isolated incident.

[15] On the other hand, there would appear to be a variety of sanctions short of dismissal that could be employed to fairly reflect the transgressions. The relevant witnesses were identified, and thus there is no surprise or trial by ambush. Trial preparation is not likely to be significantly hindered when the anticipated witnesses have been identified, albeit due to the diligence of a defendant rather than the plaintiff. We reiterate that it is preferred that a case proceed to a resolution on the merits, where practicable.

[16] As for the final factor, it appears that Hickey's counsel was stirred to action only by the threat of dismissal. Indeed, he expressed his view that an additional filing of unchanged material was redundant. It does not appear that he intended to comply with the court order for a final witness list before the motion to exclude and motions to dismiss were filed.

[17] Based upon the foregoing review of the factors relevant to a Trial Rule 41(E) dismissal, we are persuaded that the trial court abused its discretion by imposing the most stringent sanction possible. Its decision was predicated upon the earlier decision to exclude all of Hickey's potential witnesses. However, the belated filing did not result in a surprise witness.

[18] Hickey's counsel should not be allowed to flout orders of the trial court. His failure to comply was blatant. Nonetheless, there is no indication that Hickey's conduct caused a delay or omission of discovery materials so egregious that

dismissal was warranted. Here, we are confident that the trial court will be able to compel compliance and impose a proportional sanction short of exclusion of all witnesses and dismissal with prejudice.

# Conclusion

The trial court is not without remedies to directly address counsel's dilatory approach, thereby minimizing prejudice to the client and allowing the case to proceed on the merits. Therefore, the court's Trial Rule 37 order excluding all of plaintiff's witnesses except for Hickey is, in this instance, an unjustified sanction where most, if not all, of the witnesses had been identified and whose addresses were known by the other parties to the proceedings. Thus, the Trial Rule 41(E) order of dismissal that ensued from the unjustified discovery sanction amounts to an abuse of the trial court's discretion.

Reversed and remanded.

Vaidik, C.J., and Robb, J., concur.