MERIDIAN MUTUAL INSURANCE COMPANY, Appellant,

v.

Norman RICHIE and Joyce Richie, Appellees.

No. 64S03–8906–CV–481.

Supreme Court of Indiana.

Oct. 5, 1989.

Robert D. Brown, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for appellant.

Thomas F. Mackie, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellees.

ON PETITION FOR REHEARING

GIVAN, Justice.

As a result of being struck by Jean Zicherl's automobile while jogging, appellee Norman Richie suffered amputation of one leg. Richie sued and reached a settlement with Zicherl for $19,000, by which terms her liability insurance carrier paid its policy limit of $15,000 and Zicherl herself paid $4,000. Richie then sued his own insurance carrier, appellant Meridian, contending his damages sustained over the amount of the settlement should be compensated under his underinsured motorist provision. He alleged its coverage as defined by the policy terms to be illusory, and thus should be deemed to have a limit of liability equal to the $100,000 per person of his own liability coverage, rather than the $15,000 per person limit of his uninsured motorist coverage. The trial court denied both parties' motions for summary judgment on the issue of the applicable limit of liability. Meridian filed an interlocutory appeal.

The Court of Appeals decided the underinsured motorist provision's limit of liability was unambiguous by the policy terms and equal to that of the uninsured motorist provision. That court found as well that the underinsured motorist coverage was not illusory and set forth three sets of circumstances under which Richie potentially could have recovered under that provision. The Court of Appeals thus ordered the trial court to enter summary judgment in favor of Meridian. *Meridian Mut. Ins. Co. v. Richie* (1988), Ind.App., 517 N.E.2d 1265.

Upon transfer to this Court, we found the policy terms to be technically unambiguous but decided Richie in fact could not have benefitted from his underinsured motorist coverage under any of the circumstances offered by the Court of Appeals. We therefore found the underinsured motorist coverage to be illusory and thereby in violation of public policy. Using subsequent remedial legislation as a guide, we reformed the insurance contract to expand Meridian's potential underinsured motorist liability. We vacated the decision of the Court of Appeals and ordered the trial court to enter summary judgment in favor of appellee Richie. *Meridian Mut. Ins. Co. v. Richie* (1989), Ind., 540 N.E.2d 27 (Dickson, J., dissenting with opinion in which DeBruler, J., concurred).

On rehearing, however, it has become evident that we erred in finding the underinsured motorist coverage to be illusory. In our prior opinion, we held that the policy terms excluded recovery of damages caused by, *inter alia*, licensed drivers from other states operating with liability insurance in amounts less than that required in Indiana. In support, we set out Section II.C. from page five of the policy issued by Meridian to Richie:

> "The term 'uninsured automobile' means: 1. an automobile including an underinsured automobile with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which *the insured automobile* is principally garaged, (a) no bodily injury bond or insurance policy applicable at the time of the accident...." *Id.* at 30. (Emphasis added.)

We misinterpreted the wording emphasized above to mean "state in which *the underinsured automobile* is principally garaged," and accordingly concluded that the policy excluded from its definition of "underinsured automobile" any vehicle in compliance with the financial responsibility law of its home state. However, the policy defines "insured" to mean "insured under this policy;" thus the expression at issue means "state in which *the policyholder's automobile* is principally garaged"—here, Indiana. Thus construed, this clause includes, as underinsured automobiles, vehicles from other states which require lesser amounts than does Indiana of liability insurance, so that conceivably Richie could have benefitted from his underinsured motorist coverage as asserted by Justice Dickson in his dissenting opinion, *id.* at 31.

Consequently, the policy issued by Meridian to Richie does not violate the public policy against illusory coverage.

Accordingly, the petition for rehearing is granted; our prior decision is vacated; the judgment of the Court of Appeals is reinstated; and the trial court is hereby ordered to enter summary judgment on the issue of limit of liability in favor of appellant Meridian Mutual Insurance Company.

DeBRULER and DICKSON, JJ., concur.

SHEPARD, C.J., dissents with separate opinion.

PIVARNIK, J., dissents.

SHEPARD, Chief Justice, dissenting.

Among the many ambiguities in this litigation, one thing has always seemed fairly clear to me: the insurance policy which Meridian Mutual issued to the Richies and for which it billed them offers little but confusion in defining the extent of its underinsured motorist coverage. Justice Givan reinforces this notion by declaring today that he "misinterpreted" that portion of the policy which has been at issue. If a member of this Court can misinterpret the meaning of policy language in a case that was before us for more than a year, I suggest that the Richies could reasonably have found it ambiguous as well.

I have always thought that the language was ambiguous and that this case could be resolved on the basis of hornbook law: ambiguous language in a contract is read against the preparer of the contract. On this basis, I thought our decision directing a judgment for the insured was a sound one.