Matthew T. LANDIS,
Plaintiff–Appellant,

v.

AMERICAN INTERINSURANCE EXCHANGE and American Underwriters Group, Inc., Defendants–Appellees.

No. 73A01–8711–CV–293.

Court of Appeals of Indiana,
First District.

July 18, 1989.

Mary A. Findling, Price & DeLaney, P.C., Mark C. Ladendorf, Kirk R. Kitzinger, Townsend, Yosha & Cline, Indianapolis,

Charles T. Bate, Bate, Harrold & Meltzer, P.C., Shelbyville, for plaintiff-appellant.

Charles F. Robinson, Jr., Linda Y. Hammel, Yarling, Robinson, Hammel & Lamb, Indianapolis, for defendants-appellees.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Matthew T. Landis appeals the decision of the trial court granting summary judgment in favor of American Interinsurance Exchange (A.I.E.) and American Underwriters Group, Inc. (A.U.G.I.) on Landis' claim for insurance proceeds based on the underinsured motorist provision of his automobile insurance policy. We reverse.

## FACTS

On August 31, 1985, Landis was injured when he was involved in a motor vehicle accident with David Clark. Landis incurred substantial medical bills as a result of the injuries suffered. Landis settled with Clark on a covenant not to sue for $25,000. This amount represented the maximum recovery available for bodily injury under the limits of Clark's automobile insurance policy. AIE/AUGI does not dispute that Landis' damages exceed the amount recovered from Clark.

At the time of the collision, Landis was insured under an automobile policy issued by AIE. Landis attempted to make a claim pursuant to the underinsured motorist provision of this policy. However, AIE denied Landis' claim. Sections of Landis' automobile insurance policy pertinent to this opinion will be reprinted in the following discussion.

On July 21, 1986, Landis filed a Complaint and Request for Declaratory Relief against AIE alleging that Landis was entitled to $25,000 of underinsured motorist coverage under the automobile insurance policy issued by AIE. On September 10, 1986, AIE filed its answer in which it denied that Landis was entitled to $25,000 under the automobile insurance policy issued by AIE. On January 7, 1987, AIE moved for summary judgment alleging

that Landis failed to sue the real party in interest, AUGI, and that there was no genuine issue of material fact concerning whether Landis was entitled to the $25,000 of underinsurance coverage he claimed.

Landis moved to have AUGI added as a defendant to the action, and for permission to file an amended complaint. The trial court granted both motions on January 29, 1987. In response to Landis' amended complaint, AIE/AUGI renewed the motion for summary judgment. After two hearings on the motion, the trial court granted summary judgment in favor of AIE/AUGI on August 10, 1987. From this judgment, Landis now appeals.

### ISSUE

A single issue is presented for review:

Did the trial court err in determining that the automobile insurance policy issued to Landis by AIE/AUGI was unambiguous and therefore, entering summary judgment in favor of AIE/AUGI?

### DISCUSSION AND DECISION

In reviewing a grant of summary judgment, our standard of review is well settled. We consider the contents of the pleadings, affidavits, answers to interrogatories, responses to requests for admissions, and depositions in a light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists, and whether the moving party is entitled to judgment as a matter of law. *Ayres v. Indian Heights Volunteer Fire Dept., Inc.* (1986), Ind., 493 N.E.2d 1229, 1234; *Chambers v. Cent. School Dist.* (1987), Ind.App., 514 N.E.2d 1294, 1296; *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723, 729, *trans. denied.*

Landis contends that the trial court erred in granting summary judgment in favor of AIE/AUGI. According to Landis the automobile insurance policy issued by AIE/AUGI is ambiguous in that the terms of the underinsured motorist provision are inconsistent with the information given on the declarations page of the policy. Fur-

thermore, Landis claims that the protection offered by the underinsured motorist provision of the policy is completely illusory.

Interpretation of an insurance policy is primarily a question of law for the court. *Eli Lilly and Co. v. Home Ins. Co.* (1985), Ind., 482 N.E.2d 467, 471, *cert. denied* 479 U.S. 1060, 107 S.Ct. 940, 93 L.Ed.2d 990, 991. In construing a written insurance contract, this court may not extend insurance coverage beyond that provided in the contract nor may it rewrite the clear and unambiguous language of an insurance contract. *Hitt v. Githens* (1987), Ind.App., 509 N.E.2d 210, 212, *trans. denied; Mullen v. Tucker* (1987), Ind.App., 510 N.E.2d 711, 713. Ambiguity in an insurance contract exists only when it is susceptible to more than one interpretation and reasonably intelligent persons would honestly differ as to its meaning; an ambiguity does not exist simply because a controversy exists between parties, each favoring an interpretation contrary to the other. *Eli Lilly,* 482 N.E.2d at 470; *Anderson v. State Farm Mut. Auto Ins. Co.* (1984), Ind.App., 471 N.E.2d 1170, 1172.

The underinsured motorists coverage provision of Landis's automobile insurance policy reads in pertinent part:

" 'Underinsured motor vehicle' means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage."

Record at 40. The declarations page indicates that the limits of liability provided for in the underinsured motorists coverage clause of Landis' policy was $25,000. Therefore, in order for Landis to collect underinsurance proceeds under this provision, the bodily injury liability coverage under Clark's automobile insurance policy had to be less than $25,000.

The underinsured motorist provision of Landis automobile insurance policy then states:

"However, 'underinsured motor vehicle' does not include any vehicle or equipment:

1. To which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for bodily injury specified by the financial responsibility law of the state in which your covered auto is principally garaged."

Record at 40. The minimum bodily injury coverage required under the Indiana financial responsibility law is $25,000. Indiana Code section 9–2–1–15. Therefore, in order for Landis to collect the underinsurance proceeds, the bodily injury liability coverage under Clark's automobile insurance policy had to be greater than $25,000. Clearly under the insurance contract taken as a whole, Landis could never recover any underinsurance proceeds. The underinsurance provision provides only illusory protection.

While the underinsurance clause is not technically ambiguous, its terms and conditions violate as a matter of law the public policy interest which disfavors illusory coverage. *See Meridian Mut. Ins. Co. v. Richie* (1989), Ind., 540 N.E.2d 27, 31. Where an otherwise unambiguous insurance clause provides only illusory coverage when construed within the insurance contract in its entirety, the courts of this state will enforce the provision so as to give effect to the reasonable expectation of the insured. *Richie*, at 30, 31, *also see Eli Lilly*, 482 N.E.2d at 471. Given the underinsurance liability limits expressed on the declarations page of Landis' insurance policy, it is our opinion that Landis could reasonably believe that he had acquired [1] $25,000 underinsurance coverage. Therefore, Landis' damages over the amount covered by Clark's bodily injury liability coverage should be covered by AIE/AUGI up to $25,000. As this case presents no factual disputes, and we have found AIE/AUGI liable to Landis as a matter of law, summary judgment in favor of AIE/AUGI should be reversed and entered in favor of Landis.

Reversed.

ROBERTSON and BAKER, JJ., concur.

---

1. AIE/AUGI claims that Landis paid no premium for underinsurance, therefore coverage cannot be deemed illusory. We disagree. Whether or not Landis *actually* paid a premium for underinsurance is irrelevant. The declarations page indicates that the premium for underinsurance under Landis' policy was "INCD," or included. Therefore, Landis could reasonably believe that his insurance premium payment included some charge for underinsurance. See *Richie* at 31.