Robert **EDWARDS**, Appellant–Plaintiff,

v.

**VERNON FIRE & CASUALTY INSURANCE COMPANY,**
Appellee–Defendant.

No. 49A02–9007–CV–441.

Court of Appeals of Indiana,
Second District.

May 28, 1991.

---

Marvin A. Poore, Steven G. Poore, Indianapolis, for appellant-plaintiff.

Robert L. Hartley, Jr., Martin, Wade, Hartley & Hollingsworth, Indianapolis, for appellee-defendant.

SHIELDS, Presiding Judge.

Robert Edwards appeals the trial court's decision granting summary judgment in favor of Vernon Fire & Casualty Insurance Company (Vernon). We affirm.

### FACTS

Edwards was injured when he was struck by an automobile. Although his injuries exceeded $25,000, Edwards's settlement with the tortfeasor's insurance company was limited to that amount which was the maximum payable under the tortfeasor's bodily injury liability insurance coverage. Edwards sought to recover the difference from Vernon under the underinsured motorist coverage provision in his policy.

Edwards's original policy with Vernon provided in relevant part:

PART C—UNINSURED/UNDERINSURED MOTORISTS COVERAGE INSURING AGREEMENT

A. We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured/underinsured motor vehicle" because of "bodily injury" and or "property damage:"

1. Sustained by an "insured;" and
2. Caused by an accident.

\* \* \* \* \* \*

As respects the Underinsured Motorist portion of this coverage, we will pay only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgment or settlements.

\* \* \* \* \* \*

D. "Underinsured Motor Vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.

However, "underinsured motor vehicle" does not include any vehicle or equipment:

1. To which a liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for bodily injury liability specified by the financial responsibility law for the state in which "your covered auto" is principally garaged.

\* \* \* \* \* \*

LIMIT OF LIABILITY

\* \* \* \* \* \*

B. Any amounts otherwise payable for damages under this coverage shall be reduced by all sums:

1. Paid because of the "bodily injury" or "property damage" by or on behalf of persons or organizations who may be legally responsible....

Record at 48–50.

Attached to the policy is a "Personal Auto Policy Amendment" which states "Part C. is replaced in its entirety by the following" and then restates the language of the policy quoted above but excludes the phrase "However, 'underinsured motor vehicle' does not include any vehicle or equipment" in Paragraph D. Record at 55. A second amendment attached to the policy states Part C is replaced in its entirety and restates the language quoted above from the original policy but excludes Paragraph D which defines "underinsured motor vehicles." Record at 59. Attached to the policy is a notice which provides in part:

If your Uninsured Motorist Coverage limits are more than $25,000/$50,000 minimum, Underinsured Motorist Coverage is included at no additional cost. Here's how Underinsured Motorist Coverage works:

If you are injured in an accident in which the other driver is at fault, and the amount you are entitled to recover exceeds the Bodily Injury Liability Limit of the other driver, your Underinsured Motorist Coverage would apply to the difference up to your limit.

Record at 44.

Vernon refused Edwards's claim and Edwards sued. Vernon filed a motion for

summary judgment which the trial court granted. Edwards appeals.

## DISCUSSION

Disposition of a case by summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing the propriety of a summary judgment, we apply the same standard as the trial court. *Marathon Petroleum v. Colonial Motel* (1990), Ind.App., 550 N.E.2d 778. In the present case, the facts are not disputed. The controversy arises over the terms of the insurance policy.

Edwards presents several arguments in support of his contention the trial court's judgment is contrary to law. However, these arguments, including his ambiguity argument and his additional coverage argument[1] must fail.

In part IC 27–7–5–5(c)[2] limits the maximum amount payable for bodily injury under underinsured motorist coverage to the difference between a claimant's underinsured motorist coverage limit and the amount the claimant recovers from the tortfeasor. Therefore, Edwards cannot recover because his policy has an underinsured motorist coverage limit of $25,000 and he has received $25,000 from the tortfeasor's insurance company.

Judgment affirmed.

BARTEAU and BUCHANAN, JJ., concur.

---

1. Edwards's argument his underinsured motorist coverage is illusory was rejected by our supreme court in *Meridian Mutual Insurance Co. v. Richie* (1989), Ind., 544 N.E.2d 488.

2. IC 27–7–5–5(c) provides:
   The maximum amount payable for bodily injury under uninsured or underinsured motorist coverage is the lesser of:
   (1) the difference between:
   (A) the amount paid in damages to the insured by or for any person or organization who may be liable for the insured's bodily injury; and

(B) the per person limit of uninsured or underinsured motorist coverage provided in the insured's policy; or
   (2) the difference between:
   (A) the total amount of damages incurred by the insured; and
   (B) the amount paid by or for any person or organization liable for the insured's bodily injury.
   IC 27–7–5–5(c) (1988).