WESTERN RESERVE MUTUAL CASUALTY COMPANY and Lightning Rod Mutual Insurance Company, Appellants–Defendants,

v.

Gregory G. HOLLAND and Marcia Holland, Appellees–Plaintiffs.

No. 49A02–9510–CV–595.

Court of Appeals of Indiana.

June 12, 1996.

Richard K. Milam, Lebanon, for Appellants.

Thomas C. Doehrman, Conour–Doehrman, Indianapolis, for Appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendants–Appellants Western Reserve Mutual Casualty Company and Lightning Rod Mutual Insurance Company (collectively, Western) appeal the trial court's grant of summary judgment in favor of Appellees– Plaintiffs Gregory G. Holland and Marcia Holland.

We affirm.

### ISSUES

Western raises one issue for our review: whether the trial court erred in finding that the underinsured motorist coverage provided to Holland was illusory.

### FACTS AND PROCEDURAL HISTORY

On December 5, 1991, a car driven by Anne Brannock entered an intersection against the right-of-way and collided with a car driven by Gregory Holland. The parties to this action have stipulated that Brannock was 100% at fault for the collision.

As a result of the collision, Holland suffered severe spinal injuries, which necessitated major surgery and months of physical therapy. The parties have stipulated that Holland's damages incurred as a result of Brannock's negligence exceed $50,000.00.

At the time of the collision, Holland was driving a car which was covered by an insurance policy with Western. Included in the policy was a provision for underinsured motorist coverage in the amount of $25,000.00. A premium of $12.00, covering both underinsured and uninsured motorist coverage, was paid by Holland.

Western agreed in writing to allow Holland to execute a release of Brannock for the purpose of obtaining Brannock's policy limits. Brannock's insurance company paid $25,-000.00 to Holland, which amount represented the limits of her coverage.

Because his damages exceeded $50,000.00, and he had collected only $25,000.00 from Brannock, Holland looked to the underinsured motorist coverage of his policy to indemnify him, within the $25,000.00 limit, for his loss. Western denied Holland's claim.[1]

Holland filed a complaint for declaratory relief, claiming that his underinsured motor-

---

1. Western's denial was based on policy provisions which will be reprinted and addressed in the "Discussion and Decision" section of this opinion.

ist coverage was illusory. Holland then filed a motion for summary judgment seeking a favorable ruling on the issue of illusory coverage. The trial court granted summary judgment in Holland's favor, specifically finding that Western's underinsured motorist coverage was illusory. Western now appeals and asks this court to reverse the trial court and grant summary judgment in Western's favor.

## DISCUSSION AND DECISION

Summary judgment is appropriate when the evidentiary matter designated to the trial court shows no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Fawley v. Martin's Supermarkets, Inc.*, 618 N.E.2d 10, 12 (Ind. Ct.App.1993), *trans. denied*. Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. *Id.* The interpretation of an insurance policy is primarily a question of law for the court, and it is therefore a question which is particularly suited for summary judgment. *Transcontinental Technical Services, Inc. v. Allen*, 642 N.E.2d 981, 983 (Ind.Ct.App.1994), *trans. denied*.

In the present case, Western contends that the trial court incorrectly interpreted current case law in determining that an underinsurance provision may be classified as illusory. Western further contends that the trial court incorrectly interpreted current case law in determining that Western's coverage with Holland was illusory.

The underinsured motorist coverage provision of Holland's policy states in pertinent part that "[u]nderinsured motor vehicle means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage." (R. 74). The declarations page of the policy indicates that the limit of liability under the underinsurance coverage is $25,000.00. (R. 68). Therefore, in order for Holland to collect underinsurance proceeds under this provision, the bodily injury liability coverage

under a tortfeasor's policy had to be less than $25,000.00.

The underinsured motorist coverage provision of Holland's policy goes on to state that an underinsured motor vehicle does not include any vehicle or equipment "[t]o which a liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for bodily liability specified by the financial responsibility law of the state in which *your covered auto* is principally garaged." (R. 74) (emphasis in original). The state in which Holland's automobile is principally garaged is Indiana. The minimum bodily injury coverage required under Indiana law is $25,000.00.

Underinsurance coverage provisions identical to the provisions found in Holland's policy were examined by this court in *Landis v. American Interinsurance Exchange*, 542 N.E.2d 1351, 1353–1354 (Ind.Ct.App.1989). We determined that the provisions were illusory because Landis could never recover underinsured motorist proceeds. *Id.* at 1354. We noted that public policy disfavors illusory coverage. *Id.* We then held that our courts "will enforce the provision so as to give effect to the reasonable expectation of the insured." *Id.* We also held that Landis could reasonably believe that he had acquired $25,000.00 of underinsurance coverage, and that damages above the amount paid by the tortfeasor's policy, up to the $25,000.00 limit of Landis' underinsured motorist coverage, should be paid by the insurer. *Id.*

The provisions we found illusory in *Landis* are illusory today. Holland's policy provided that Holland could recover if (1) the tortfeasor had coverage; (2) the coverage was less than $25,000.00; and (3) the coverage was not less than $25,000.00. The only reasonable interpretation of the policy is that it provides no underinsurance benefits to Holland. As we held in *Landis*, such illusory "coverage" is against public policy and entitles the insured to receive his reasonable expectation.

Western contends that *Landis* was expressly overturned in *dicta* found in a footnote in *Tate v. Secura Insurance*, 561 N.E.2d 814 (Ind.Ct.App.1990), and impliedly over-

turned by our supreme court in *Meridian Mutual Insurance Co. v. Richie*, 544 N.E.2d 488 (Ind.1989). In *Tate*, a panel of this court suggested in a footnote that *Landis* "appeared" to be overruled by *Richie*; however, even if the equivocal language of the footnote could have been considered binding at the time it was written, it certainly is not binding today as the case has been vacated. *See Tate v. Secura Insurance Co.*, 587 N.E.2d 665 (Ind.1992). Furthermore, *Richie* does not impliedly overturn *Landis*. In *Richie*, our supreme court did not question the validity of the common law rule against illusory coverage; in fact, it applied the rule to the language and found the coverage in question not to be illusory. 544 N.E.2d at 490.

Western also contends that language of its policy is different from the language questioned in *Landis*, as its policy provides additional coverage under uninsured motorist provisions that was not provided by the policy in *Landis*. Western argues that its uninsured and underinsured motorist coverages should be interpreted as one coverage, as its uninsured motorist coverage provides coverage in some instances analogous to instances covered by underinsured motorist insurance. Western points to the fact that both uninsured and underinsured motorist coverage are covered by the same $12.00 premium as support for this argument.

■ In effect, Western is arguing that writing and selling insurance with one coverage that is illusory is acceptable because a related coverage includes some benefits analogous to what the consumer expected to be provided by the illusory coverage. I.C. 27–7–5–4(a) defines an uninsured motor vehicle; I.C. 27–7–5–4(b) explicitly states that an underinsured motor vehicle is not an uninsured motor vehicle. Accordingly, the two types of coverage are conceptually distinct. An insurer cannot charge a premium for two conceptually distinct types of coverage, at a presumably higher rate than would be charged for one type of coverage, if both types of coverage do not actually exist. Furthermore, the fact that a single premium is charged for two types of coverage is not determinative. *See Landis*, 542 N.E.2d at 1354, n. 1 (stating that it is reasonable for a consumer to believe that a part of the premium is for underinsured coverage when the declaration page indicates that the premium for underinsured coverage is included in the premium for uninsured coverage); I.C. 27–7–5–2 (stating that "uninsured and underinsured motorist coverages must be provided by insurers for either a single premium or for separate premiums. . . .").

Western further contends that its underinsured motorist coverage is not illusory because it does provide coverage when the insured is injured "by an Indiana driver carrying the same minimums ($25,000.00 per person and $50,000.00 per occurrence), who also injured two or more other people." Appellant's Brief at 16. In this situation, the maximum insurance is split more than two ways, and "it becomes apparent that at least some of the injured parties would receive less than $25,000 and might benefit from their own underinsurance." *Id.* at 17 (citing a footnote from the vacated *Tate* case).

The hypothetical insured may be covered under some policies, but it is not covered by the policy at issue. Under the language of the policy, Holland will receive payment only if the tortfeasor's motor vehicle is covered at less than the limits of liability of the hypothetical. Of course, as noted above, Holland is not actually covered even when the tortfeasor's motor vehicle is covered in such a manner.

■ Finally, Western contends that the trial court's decision impermissibly allows Holland to "stack" coverage. Western cites *Jones v. State Farm Mutual Automobile Insurance Co.*, 635 N.E.2d 200 (Ind.Ct.App. 1994), *trans. denied* (holding that an insurer is free to limit its liability in a manner not inconsistent with public policy), *American Economy Insurance Co. v. Motorists Mutual Insurance Co.*, 593 N.E.2d 1242 (Ind.Ct.App. 1992), *aff'd in part, vacated in part*, 605 N.E.2d 162 (Ind.1992) (holding that antistacking clauses in the injured party's two policies limited coverage available for a single accident to highest limit under any one policy applicable to the loss), and *Edwards v. Vernon Fire & Casualty Insurance Co.*, 571 N.E.2d 1306 (Ind.Ct.App.1991) (holding that the coverage at issue was not illusory, and

that the injured party was limited to recovering the difference between his underinsured motorist coverage limit and the amount he recovered from the tortfeasor), in support of its contention.

The cases cited by Western do not apply where coverage is illusory. It is the public policy of this State to allow an insured to recover his reasonable expectation when an insurer has provided illusory coverage. As we discussed above, this public policy rule was specifically alluded to in *Landis,* and was applied by our supreme court in *Richie.* The rule against "stacking" may not be used to circumvent public policy.

## CONCLUSION

The trial court did not err in finding, as a matter of law, that the underinsured motorist coverage provided in Western's policy with Holland was illusory.

Affirmed.

DARDEN and CHEZEM, JJ., concur.