HORACE MANN INSURANCE COMPANY, Appellant–Defendant,

v.

Peggy RICHARDS, Appellee–Plaintiff.

No. 27A04–9712–CV–548.

Court of Appeals of Indiana.

June 4, 1998.

---

Mark R. Smith, Smith & Bemenderfer, Indianapolis, for Appellant–Defendant.

Ronald J. Moore, UAW–GM Legal Services Plan, Marion, for Appellee–Plaintiff.

## OPINION

MATTINGLY, Judge.

Horace Mann Insurance Company (Horace Mann) appeals the denial of its original and renewed motions for summary judgment in a breach of contract action brought against it by Peggy Richards (Richards). Horace Mann raises a single issue,[1] which we restate as: whether a teacher's involvement in a fight between two of her students is within the scope of her "educational employment activities" when the fight takes place at her home after school hours but arises out of her disciplinary actions against the students at school?

We reverse.

### FACTS [2]

In January of 1991, Peggy Richards was a teacher at Madison–Grant High School, where her son Ryan was a student. On January 23, 1991, Richards saw her son and another boy, John McRoberts, arguing in the school lunchroom during the school day. She took both boys to the principal's office.

After the school day ended, Richards drove her son home. Afterwards, McRoberts came to the Richards' home intending to fight with Ryan. McRoberts was accompanied by several other students Richards had disciplined at the school. Richards then observed a fistfight between Ryan and McRoberts in the garage. Richards stood

---

1. Horace Mann also asserts error in the trial court's refusal to address the merits of the additional facts Horace Mann offered with its second motion for summary judgment, and in the trial court's summary dismissal of the second motion. Because we find the original motion was improperly denied, we need not address Horace Mann's alternative argument.

2. Horace Mann's second motion for summary judgment included facts from a deposition of Richards taken after the original motion was denied; however, because we find that the original motion should have been granted, we do not address the additional facts provided with the renewed motion.

holding a baseball bat during the fight because she feared for Ryan's safety. During the fight, she yelled encouragement to Ryan and told Ryan to hit the other student with a bat. She also threatened another student who was present.

Richards was charged with contributing to the delinquency of a minor and provocation as a result of the incident and later, pursuant to a plea agreement, entered a plea of guilty to a charge of disorderly conduct. That charge was later dismissed in accordance with the plea agreement when Richards did not commit any crimes during a ninety-day period.

At the time of the criminal charges, Richards was insured under a Horace Mann insurance policy as a member of the Indiana State Teachers Association. The policy provided coverage for reimbursement of attorney's fees "when incurred in the defense of any *Criminal Proceeding* arising out of what otherwise would be within the course and scope of *your educational employment activities.*" R. at 42 (italics in original). After the charge was dismissed, Richards asked Horace Mann to reimburse the attorney's fees she had incurred. Horace Mann declined to do so.

Richards sued Horace Mann. Horace Mann moved for summary judgment asserting that the acts out of which the criminal proceedings against Roberts arose were outside the scope of the policy's coverage. After a hearing, its motion was denied. Horace Mann then deposed Richards and filed a second motion for summary judgment designating additional facts from the deposition, which motion was also denied.

### STANDARD OF REVIEW

The issue before us is the propriety of a denial of summary judgment. Our appellate standard of review for summary judgment rulings is well-established. As a reviewing court, we are bound by the same standard as the trial court. *Webb v. Jarvis*, 575 N.E.2d 992, 994 (Ind.1991). Summary judgment is warranted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Trotter v. Nelson*, 684 N.E.2d

1150, 1152 (Ind.1997); Ind. Trial Rule 56(C). Like the trial court, we may only consider those parts of the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and other matters which have been designated by the parties to the trial court for consideration. *Trotter*, 684 N.E.2d at 1152; T.R. 56(C). Any doubt about the existence of a fact or the inference to be drawn from it is to be resolved in favor of the non-moving party. *Webb*, 575 N.E.2d at 995. Interpretation of an insurance policy is primarily a question of law for the court, *Landis v. American Interinsurance Exch.*, 542 N.E.2d 1351, 1353 (Ind.Ct.App.1989), so its resolution by summary judgment is particularly appropriate.

### DISCUSSION AND DECISION

In construing a written insurance contract, we may neither extend coverage beyond that provided in the contract nor rewrite language which is clear and unambiguous. *Id.* Ambiguity in an insurance contract exists only when it is susceptible to more than one interpretation and reasonably intelligent persons would honestly differ as to its meaning; ambiguity does not exist simply because each party to a controversy favors an interpretation contrary to the other. *Id.*

The term "educational employment activities" is defined in pertinent part in the Horace Mann policy:

The term *"educational employment activities"* means the activities of the *insured* performed:

1. Pursuant to the express or implied terms of his/her employment by an *educational unit;*

2. At the express request or with the express approval of his/her supervisor; provided that, at the time of such request or approval, the supervisor was performing what would appear to be his/her *educational employment activities* within the meaning of [part 1 above]....

R. at 41 (italics in original).

Decisions in other jurisdictions construing this policy provision have concluded that "ed-

ucational employment activities are limited to acts which are of the kind a school employee is employed to perform and are motivated by a purpose to serve the employer," *Horace Mann Ins. Co. v. Fore,* 785 F.Supp. 947, 948–49 (M.D.Ala.1992), and which occur while the teacher is "engaged in an activity which is reasonably related to the goal of educating children," *Horace Mann Ins. Co. v. Analisa N.,* 214 Cal.App.3d 850, 263 Cal.Rptr. 61, 64 (1989). The provision does not apply to personal acts unrelated to the goal of education. In both *Fore* and *Analisa N.,* the courts decided that the policy provision did not apply when a teacher was accused of sexually abusing a student, even though most of the incidents occurred at the schools during the school day, and sometimes during class. The *Analisa N.* court noted that it could not "fathom a more personal activity less related to the goal of education than [the acts of sexual abuse]," 263 Cal.Rptr. at 64, and affirmed a summary judgment for Horace Mann.

The Richards case presents us with a far more difficult question, because Richards' activities are not so clearly unrelated to educational goals. Richards notes that the fight at her home was not a spontaneous act but the result of her discipline of McRoberts and some of his friends at school and in her role as a teacher. Thus, Richards argues, the fight "arose from Peggy's disciplinary acts as a teacher which she took in the course of her employment." Brief of Appellee at 11.

However, such a "but-for" test has been rejected as a means for determining what is an "educational employment activity." In *Analisa N.,* the appellant seeking coverage relied on worker's compensation cases which had broadly interpreted the phrase "in the course of" employment under the doctrine of *respondeat superior.* The court characterized her argument as "the Horace Mann policy covered any conduct [the teacher] engaged in with his students while at school. In essence she would apply a 'but-for' test to his conduct; coverage would exist if, but for his role as a teacher, the event would not have occurred." *Analisa N.,* 263 Cal.Rptr. at 63.

The court first noted that the wide breadth of the worker's compensation scheme was based upon factors completely unrelated to liability insurance, because the goal of worker's compensation laws is to rehabilitate, not indemnify, the injured worker. *Id.* at 64. So, the court stated,

[I]n our view the plain language of the policy requires, at the very least, that an insured event occur while the teacher is engaged in an activity which is reasonably related to the goal of educating children. This conclusion is suggested not only by the language of the insuring clause and the applicable definitions, which, as we have seen, restrict coverage to activities performed pursuant to the terms of the teacher's employment, but by the very name of the policy—"Educators Employment Liability Policy." Given its terms and its title we do not believe a reasonable insured could expect that exclusively personal pursuits would be protected by the policy.

*Id.*

The fight which led to the charges against Richards might not have happened but for Richards' activities during the school day and in her capacity as a teacher. Still, the fight was outside the policy coverage. It was not an activity carried out pursuant to the terms of her employment by the school, nor was it carried out at the express request or with the express approval of a supervisor who was also performing "educational employment activities." Furthermore, Richards' role in the fight cannot be characterized as an act of the kind a school employee is employed to perform, or which is motivated by a purpose to serve the employer. *Fore,* 785 F.Supp. at 948–49.

We must conclude that a criminal charge resulting from a teacher's involvement in a fight between two students after school hours, when the fight takes place at the teacher's home and is not part of a school-approved extracurricular activity, is not, as a matter of law, within the scope of the teacher's "educational employment activities" and is not a risk covered by the Horace Mann policy.

*CONCLUSION*

A teacher's involvement with a fight be-tween two of her high school students at a teacher's home after school hours and not as part of a school activity is not within this policy's definition of "educational employ-ment activities." The trial court improperly denied Horace Mann's motion for summary judgment, and its judgment is reversed.

We reverse.

DARDEN and GARRARD, JJ., concur.