Rick JOHNSON and Dale Johnson,
Appellants–Defendants,

v.

AAA CHICAGO MOTOR CLUB
INSURANCE COMPANY,
Appellee–Plaintiff.

No. 71A04–9804–CV–182.

Court of Appeals of Indiana.

Sept. 30, 1998.

Daniel H. Pfeifer, Jeffrey J. Stesiak, South Bend, for Appellants–Defendants.

Karl E. Hand, Highland, for Appellee–Plaintiff.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Plaintiffs-appellants, Rick Johnson and Dale Johnson (the "Johnsons") appeal a grant of summary judgment in favor of AAA Chicago Motor Club Insurance Company ("CMC").

We affirm.

### ISSUE

The Johnsons raise one issue for review which we restate as follows:

I. Whether the trial court erred in finding that the underinsured motorist coverage provided by CMC to the Johnsons was not illusory.

The Johnsons contend that the trial court improperly interpreted the policy and applied a statute to limit underinsured motorist coverage in a manner that prevented them from recovering under that provision of the automobile insurance policy. They contend that the trial court should have found that the coverage for underinsured motorists provided under CMC's policy and the statute was illusory and against public policy.

### FACTS AND PROCEDURAL HISTORY

On December 7, 1993, the Johnsons were injured in an automobile accident involving a motorist they alleged was underinsured. At the time of the accident Johnson's coverage on the insurance policy consisted of the following:

| | |
|---|---|
| Bodily injury | $25,000/$50,000 |
| Property Damage | $25,000 |
| Medical Expense | $2,000 each person |
| Uninsured motorist | $25,000/$50,000 |
| Underinsured | No coverage |

(R. 40)

However, at the time of the accident, Ind. Code § 27–7–5–2 required the provision of the following coverage for uninsured and underinsured motorists:

" .... The uninsured and underinsured motorist coverages must be provided by insurers for either a single premium or for separate premiums, in limits equal to the limits of liability specified in the bodily injury liability provisions of an insured's policy, unless such coverages have been rejected in writing by the insured. ...."

There is no dispute that Rick Johnson did not reject that coverage in writing. The motorist with which the Johnsons collided had bodily injury coverage under her policy

in the amount of $25,000 per person and $50,000 per accident. (R. 134).

The Johnsons attempted to recover from CMC under the underinsured motorist provision of Rick Johnson's policy. However, the limits for underinsured motorist coverage was $25,000 and the tortfeasor's bodily injury limits were $25,000. Therefore, under the terms of the policy the Johnsons would not be able to recover from CMC. Ultimately, the Johnsons filed a complaint for declaratory judgment against CMC on May 28, 1996. In that complaint the Johnsons alleged that at the time of the accident CMC's coverage for underinsured motorists was illusory. They demanded recovery from CMC for coverage up to $50,000 per person and $100,000 per accident, claiming that since illusory policies are against public policy, they were entitled to the benefit of the amount of coverage mandated by Ind.Code § 27–7–5–2, concerning underinsured motorist coverage, as it was amended in 1995.

On July 12, 1996, CMC filed its answer with affirmative defenses. CMC answered, *inter alia*, that there was a lack of consideration for the relief requested by the Johnsons and that CMC was neither contractually nor statutorily obligated to provide the coverage demanded by the Johnsons.

A hearing on the motion for summary judgment was held and the following is an excerpt of the trial court's ruling on the motion:

> "... The court now finds that there is not a genuine issue of material fact and that the Defendant is entitled to partial Summary Judgment, that is, a finding that:
>
> 1. The Plaintiff is entitled to coverage
>
> 2. The contract is not illusory
>
> 3. The limits of recovery are $25,000/$50, 000......"

(R. 125).

In the "Conclusions of Law" portion of the ruling the trial court relied on *Meridian Mutual Insurance Company v. Richie*, 517 N.E.2d 1265 (Ind.Ct.App.1988) as affirmed by *Meridian Mutual Insurance Company v. Richie*, 544 N.E.2d 488 (Ind.1989) to reach that decision.

## DISCUSSION AND DECISION

 Our standard of review of the grant of a summary judgment motion is the same standard used by the trial court. *Red Roof Inns, Inc. v. Purvis*, 691 N.E.2d 1341, 1343 (Ind.Ct.App.1998). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* We will consider the facts in the light most favorable to the nonmoving party. *Id.* We will affirm the grant of a motion for summary judgment if it is sustainable on the evidentiary matter designated to the trial court. *Western Reserve Mutual Casualty Company v. Holland*, 666 N.E.2d 966, 968 (Ind.Ct.App.1996).

 A question which is well-suited for summary judgment is the interpretation of an insurance policy, because it is primarily a question of law for the court. *Id.* Interpretation of an insurance policy involves the same rules of construction and interpretation as other contracts. *Jones v. State Farm Mutual Automobile Insurance Company*, 635 N.E.2d 200, 201 (Ind.Ct.App.1994), *trans. denied.* If it is apparent that extrinsic evidence is unnecessary for interpretation of the policy, then summary judgment is proper. *Id.*

 The Johnsons claim that the underinsured motorist coverage in the policy purchased from CMC is illusory. The relevant portions of Rick Johnson's insurance policy read as follows:

> " 'Underinsured motor vehicle' means a motor vehicle whose ownership, maintenance or use has resulted in bodily injury or death of a covered person and for which the sum of the limits of liability under all bodily injury liability insurance policies, bonds or other security required to be maintained under law applicable to the driver or to the person or organization legally responsible for such vehicle and applicable to the vehicle, is less than the limits for underinsured motorist coverage provided the covered person defined in the policy at the time of the accident." (R. 110).
>
> "If the damages are caused by an underinsured motor vehicle the most we will pay will be the lesser of 1. the difference be-

tween the limits of liability of this coverage and the amounts paid to the covered person by or for any person or organization who is or may be held legally liable for the bodily injury; or 2. the difference between the amount of the covered person's damages for bodily injury and the amount paid to the covered person by or for any person or organization who is or may be held legally liable for the bodily injury." (R. 111).

Rick Johnson's policy with CMC stated that it provided "no coverage" for underinsured motorists. However, in 1993, Indiana Code § 27–7–5–2(a) provided in part as follows:

"....The uninsured and underinsured motorist coverages must be provided by insurers for either a single premium or for separate premiums, in limits equal to the limits of liability specified in the bodily injury liability provisions of an insured's policy, unless such coverages have been rejected in writing by the insured......"

We note that CMC does not dispute the fact that it was statutorily required to provide underinsured motorist coverage equal to the amount of the coverage provided for in the policy for bodily injury. There is also no dispute about the fact that Rick Johnson did not reject in writing the provision for underinsured motorist coverage in his policy. The dispute centers around the application of the statutory requirement to this situation where the underinsured motorist coverage is provided in the same amount as the minimum amount of coverage required for bodily injury by Ind.Code § 9–25–4–5.

The Johnsons assert that our decisions in *Landis v. American Interinsurance Exchange*, 542 N.E.2d 1351 (Ind.Ct.App.1989) and *Western Reserve Mutual Casualty Company v. Holland*, 666 N.E.2d 966 (Ind.Ct. App.1996) should control. CMC asserts that *Meridian Mutual Insurance Company v. Richie*, 517 N.E.2d 1265 (Ind.Ct.App.1988) as affirmed by *Meridian Mutual Insurance Company v. Richie*, 544 N.E.2d 488 (Ind. 1989) should control. We agree with CMC.

In *Landis,* we held that an insurance policy which would prohibit an Indiana insured from recovering under his underinsured motorist coverage against another Indiana motorist, where both carried the minimum required coverage under the state's financial responsibility law, was illusory. 542 N.E.2d at 1354. We reached that conclusion by relying on the supreme court's decision in *Meridian Mutual Insurance Company v. Richie*, 540 N.E.2d 27 (Ind.1989). Later that year on rehearing, the supreme court reversed its decision, vacated that opinion, and found that the coverage provided was not illusory. *Meridian Mutual,* 544 N.E.2d at 489. For that reason, *Landis* does not control here.

The Johnsons argue that since no recovery under the underinsured motorist coverage of their policy would be against public policy, they should recover the amount provided for in the 1995 version of Ind.Code § 27–7–5–2. They rely on the reasonable expectations language in *Western Reserve* to support their contention.

■ This aspect of their argument fails for at least two reasons. First, unlike in *Western Reserve,* where the insured had paid a premium for underinsured motorist coverage, Rick Johnson's policy stated that it did not provide coverage for underinsured motorists. He could reasonably expect to receive the coverage mandated by the statute, which is what the trial court found. Second, the Johnsons have cited no cogent authority for the proposition that we should apply an amendment to a statute retroactively, when the legislature saw fit to amend the statute only prospectively. *See* Ind. Appellate Rule 8.3(A)(7); *Armstead v. State,* 538 N.E.2d 943 (Ind.1989). It is not within the prerogative of this court to give retroactive effect to an amendment of a statute. *Duff Truck Line, Inc. v. State,* 163 Ind.App. 4, 321 N.E.2d 594, 599 (1975).

In *Western Reserve,* we held that underinsured motorist coverage in that particular policy was illusory and against public policy without commenting on whether coverage was prohibited in all circumstances. We found that underinsured motorist coverage provided in the same amount as the minimum amount required by Ind.Code § 9–25–4–5 for bodily injury coverage was illusory without determining if coverage might be available in a situation involving an out-of-state tortfeasor whose statutory minimum requirement for bodily injury coverage was

less than that required in Indiana. That issue was squarely addressed by this court and our supreme court in *Meridian Mutual* and the policy was not found to be illusory. 517 N.E.2d 1265, *as affirmed by* 544 N.E.2d 488.

The Johnsons attempt to distinguish the coverage under their policy from that discussed in *Meridian Mutual* by citing to a portion of their policy which reads as follows:

> " 'OUT OF STATE COVERAGE'. If an auto accident to which this policy applies occurs in any state or province other than the one in which your covered auto is principally garaged, we will interpret your policy for that accident as follows. If the state or province has: 1. A financial responsibility or similar law requiring limits of liability for bodily injury or property damage higher than the limit shown in the Declarations, your policy will provide the higher specified limit."

(R. 13).

The Johnsons argue that the possibility of recovery under the policy in situations involving out-of-state tortfeasors, which was used as an example in *Meridian Mutual* to illustrate that the coverage was not illusory, has been barred by that provision in their policy.

However, as CMC points out in its brief, this provision of the policy actually increases the coverage provided for bodily injury if the insured is involved in an accident, and the insured is liable for injuries resulting from that accident, in another state where the financial responsibility law requires minimum coverage in an amount higher than the coverage provided for in the policy. Appellee's Brief. 10. We agree with CMC that this portion of the policy does not apply to underinsured motorist coverage.

The Johnsons contend that applying the statute to the policy with CMC would prevent an Indiana resident from recovering under that provision if both the covered person and a tortfeasor from Indiana maintain only the minimum amount of coverage required by the financial responsibility law. The trial court found that to be true. However, the trial court properly noted that the policy was not illusory because recovery could be had against an out-of-state tortfeasor whose bodily injury coverage require-

ments were less than that required in Indiana. The trial court was correct in following *Meridian Mutual.*

### CONCLUSION

Affirmed.

SHARPNACK, C.J., and MATTINGLY, J., concur.