834 N.E.2d 204 (2005)
Enrique CASTILLO, Appellant-Plaintiff,
v.
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellee-Defendant.
No. 46A03-0503-CV-118.
Court of Appeals of Indiana.
September 19, 2005.
*205 Theodore L. Stacy, Valparaiso, IN, for Appellant.
Karl E. Hand, Highland, IN, for Appellee.

OPINION
MATHIAS, Judge.
Enrique Castillo ("Castillo") was seriously injured while a passenger in an automobile driven by Alberto Moreno ("Moreno"), who was insured by Prudential Property and Casualty Company ("Prudential"). During litigation in Illinois, Castillo settled his claims against Moreno for Moreno's policy limits of $50,000. As part of that settlement, the parties agreed to have an Indiana court decide Castillo's uninsured motorist ("UIM") claim against Prudential. The LaPorte Superior Court granted summary judgment in favor of Prudential and against Castillo. Castillo now appeals.
We affirm.

Facts and Procedural History
The facts of this case are undisputed. On or about June 6, 1999, Castillo, an Illinois resident, suffered injuries as a result of a car accident while he was a passenger in an automobile owned and driven by Moreno, an Indiana resident. Moreno was insured by Prudential, the Defendant in the underlying action, pursuant to automobile insurance policy number 041A144839 ("the Policy"). Appellant's App. pp. 5-38. Moreno's vehicle was also struck by a hit and run vehicle during the sequence of events that led to that accident. Appellant's App. p. 5. As a result, Castillo filed two suits, one against Moreno for negligence, and one against Prudential for uninsured motorist coverage. Appellant's App. pp. 61, 71. Both suits were brought in the Circuit Court of Cook County, Illinois. At the time of the accident, Castillo had health insurance provided by United Healthcare ("United"). Id.
During litigation in Illinois, Castillo settled with Moreno for $50,000, based on the limits of the liability insurance provided to Moreno by Prudential. Appellant's App. pp. 78-80. As part of that settlement, dismissal of both Illinois cases was agreed upon, and Castillo was permitted to pursue his claim for additional recovery under the UIM coverage provision of the Policy in an Indiana court. The sole issue to be decided by the Indiana court was whether Prudential's payment to Castillo on behalf of Moreno could be offset against Castillo's UIM claim against Prudential. Appellant's App. p. 79. Castillo then brought a declaratory judgment suit against Prudential to obtain recovery based on the UIM coverage provisions of the Policy.
The parties agree that Castillo is an insured according to the Policy definitions *206 applicable to Parts 1, 2, 4 and 5. Appellant's App. p. 55. The Policy set forth in the pleadings below contained five parts and was accurately reproduced and designated as evidence in the trial court. Appellant's App. pp. 6, 7-38, 40. The trial court's summary judgment ruling in favor of Prudential and against Castillo states neither fact nor law underlying the trial court's judgment. Appellant's App. pp. 3-4.

Standard of Review
Our standard of review of a summary judgment motion is the same standard used in the trial court:
Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. The review of a summary judgment motion is limited to those materials designated to the trial court. We must carefully review decisions on summary motions to ensure that the parties were not improperly denied their day in court.
Tom-Wat, Inc. v. Fink, 741 N.E.2d 343, 346 (Ind.2001) (citations omitted). "A party seeking summary judgment bears the burden of showing the absence of a factual issue and his entitlement to judgment as a matter of law." Harco, Inc. of Indianapolis v. Plainfield Family Dining Assoc., 758 N.E.2d 931, 937 (Ind.Ct.App.2001) (citation omitted). All pleadings, affidavits, and testimony are construed liberally and in the light most favorable to the nonmoving party. May v. Frauhiger, 716 N.E.2d 591, 594 (Ind.Ct.App.1999).

Discussion and Decision
Castillo contends that the language of the Policy's UIM coverage reduction provision is ambiguous, and therefore, he may recover $50,000 pursuant to the UIM coverage, in addition to the $50,000 already received from Prudential pursuant to Moreno's personal liability limits. We disagree.
The interpretation of an insurance contract is primarily a question for the court. Shelter Ins. Co. v. Woolems, 759 N.E.2d 1151, 1155 (Ind.Ct.App.2001), trans. denied (citing American States Ins. Co. v. Adair Indus. Inc., 576 N.E.2d 1272, 1273 (Ind.Ct.App.1991)). "Although some special rules of construction of insurance contracts have been developed due to the disparity in bargaining power between insurers and the insured, if an insurance contract is clear and unambiguous, the language therein must be given its plain and ordinary meaning." Beam v. Wausau Ins. Co., 765 N.E.2d 524, 527 (Ind.2002) (citing Allstate Ins. Co. v. Boles, 481 N.E.2d 1096, 1101 (Ind.1985)). When ambiguity is present, insurance policies are to be construed strictly against the insurer and the policy language is viewed from the standpoint of the insured. Id. (citing Bosecker v. Westfield Ins. Co., 724 N.E.2d 241, 244 (Ind.2000)). However, an ambiguity is not established simply because a controversy exists and the insured asserts an interpretation contrary to that asserted by the insurer. Shelter Ins., 759 N.E.2d at 1155. We must accept an interpretation of the contract language that harmonizes the provisions rather than one which supports a conflicting version of the provisions. Burkett v. Am. Family Ins. Group, 737 N.E.2d 447, 452 (Ind.Ct.App.2000).
Indiana courts have held that policies containing ambiguous reduction language should be interpreted to mean that the amounts paid by other sources shall be subtracted from the total damages, while policies containing unambiguous language should be interpreted to *207 mean that amounts paid by other sources shall be taken from policy limits. Sutton v. Littlepage, 669 N.E.2d 1019, 1022 (Ind. Ct.App.1996). "The onus is upon the insurer to write policies which unambiguously state that reductions are to be made from the policy limits." Id. Finally, the "trial court's objective is to enforce the parties' intent as manifested by the insurance contract." Hardiman v. Governmental Interinsurance Exch., 588 N.E.2d 1331, 1334 (Ind.Ct.App.1992) (citing Evans v. Nat'l Life Accident Ins. Co., 467 N.E.2d 1216, 1219 (Ind.Ct.App.1984)).
Here, we are called upon to interpret the language used by Prudential. Part 4 of the Policy relates to Uninsured Motorists. It contains the following language: Limit of Liability  Bodily Injury: Each Person
The limit stated under UNINSURED MOTORISTS  EACH ACCIDENT on the Declarations is the limit of our liability for all damages, including damages for care or loss of services, arising out of bodily injury to one person as a result of any one accident.
* * * * * *
Payments Reduced
Payments will be reduced by any amount payable by persons responsible for the accident. Payments under this part will also be reduced by any amount payable under this policy or by other sources.
Appellant's App. p. 30 (emphasis in original). The Policy's declaration page specifies that Moreno's limit of liability for uninsured motorists for bodily injury is $50,000 per person. Appellant's App. p. 8.
A number of Indiana cases have considered reduction language used in insurance policy provisions, each case turning on the policy language at issue.[1] To date, none of the provisions interpreted by our courts have used the precise language selected by Prudential. As such, those decisions, including Tunny v. Erie Insurance Co., 790 N.E.2d 1009 (Ind.Ct.App.2003), trans. denied, relied upon by Castillo in support of his argument, though instructive, are not controlling.
The set-off provision contained in the UIM coverage of the Policy is not ambiguous. The parties agree that Castillo received the policy limit of $50,000 from Moreno's insurance carrier, Prudential, as settlement for his claim against Moreno. The UIM coverage in the Policy expressly stated that Prudential's liability for all damages including "damages for care or loss of services, arising out of bodily injury to one person as a result of any one accident," was limited to $50,000. The Policy also included a clause entitled "Payments Reduced," which clearly and unambiguously reduced this amount by "any amount payable under this policy," i.e. the $50,000 settlement already tendered. Prudential was therefore entitled to set-off the $50,000 Castillo received as settlement, pursuant to the liability limits of the Policy, resulting in a further recovery of zero. The Policy clearly states that the limit of liability is $50,000. Castillo cannot receive *208 more than that amount from Prudential under the policy. The trial court correctly determined that Castillo was not entitled to an additional $50,000.
Castillo also contends that the UIM coverage available to him under the Policy is illusory, in violation of Indiana's requirement regarding UIM protection for insureds codified at Indiana Code Section 27-7-5-2. Our courts have declined on numerous occasions to find underinsurance provisions illusory, and we decline to do so in this case. See, e.g., Meridian Mut. Ins. Co. v. Richie, 544 N.E.2d 488, 489 (Ind. 1989); Johnson v. AAA Chicago Motor Club Ins. Co., 699 N.E.2d 1182, 1185 (Ind. Ct.App.1998).
Finally, Castillo claims that his attorney fees should be credited back to him. In Tunny, an underinsured motorist carrier brought an action against an insured for declaratory judgment that payment by the worker's compensation insurer to the insured's attorney for settlement of the underlying tort claim entitled the UIM carrier to reduce the UIM benefits under the policy. We held that the worker's compensation insurer's payment to the insured's attorney after settlement did not entitle the UIM carrier to reduce payment. 790 N.E.2d at 1017-18. There, we noted that worker's compensation is intended to provide an injured employee with a guaranteed payment for an injury in an expeditious manner. Id. at 1014. As Tunny noted, our supreme court has stated that an "injured employee should not have to pay attorney fees on the worker's compensation award because the employee should get those fixed benefits without doing anything at all." Id. at 1015 (citing Spangler, Jennings & Dougherty P.C. v. Indiana Ins. Co., 729 N.E.2d 117, 120 (Ind.2000)).
Castillo's reliance on Tunny is misplaced, as neither Tunny, nor its rationale for excluding attorney fees within the context of third-party payments by a worker's compensation carrier apply to this case. Castillo was not an injured employee entitled to worker's compensation benefits, an award that is protected by public policy.[2] We decline to apply this approach to UIM coverage.

Conclusion
The reduction language at issue is unambiguous, non-illusory and clearly precludes additional recovery from Prudential. Therefore, the trial court did not err when it granted summary judgment in favor of Prudential.
Affirmed.
DARDEN, J., and CRONE, J., concur.
NOTES
[1] See generally, Beam v. Wausau Ins. Co., 765 N.E.2d 524 (Ind.2002); Tate v. Secura Ins., 587 N.E.2d 665 (Ind.1992); American Econ. Ins. Co. v. Motorists Mut. Ins. Co., 605 N.E.2d 162 (Ind.1992); Imre v. Lake States Ins. Co., 803 N.E.2d 1126 (Ind.Ct.App.2004), trans. denied; Shelter Ins. Co. v. Woolems, 759 N.E.2d 1151 (Ind.Ct.App.2001); Sutton v. Littlepage, 669 N.E.2d 1019 (Ind.Ct.App. 1996); Ansert v. Ind. Farmers Mut. Ins., 659 N.E.2d 614 (Ind. Ct.App.1995); Medley v. American Econ. Ins. Co., 654 N.E.2d 313 (Ind.Ct.App.1995), trans, denied; Delaplane v. Francis, 636 N.E.2d 169 (Ind.Ct.App.1994), trans. denied; Transcon. Technical Servs. Inc. v. Allen, 642 N.E.2d 981 (Ind.Ct.App.1994), trans. denied (1995); Edwards v. Vernon Fire and Cas. Ins. Co., 571 N.E.2d 1306 (Ind.Ct.App.1991).
[2] "[T]he injured employee is entitled to the worker's compensation benefits regardless of whether or not any action is taken against the third party tortfeasor, a settlement or judgment is acquired by the injured employee, or the injured employee is able to collect against the tortfeasor." Tunny, 790 N.E.2d at 1014.